Sharon BULLARD, Petitioner–Appellant,

v.

Steven BULLARD, Respondent– Respondent.

No. 68143.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 27, 1996.

Susan K. Roach, Chesterfield, for Petitioner–Appellant.

Corinne R. Coston, Law Offices of Mary Ann Weems, Clayton, for Respondent–Respondent.

HOFF, Judge.

This appeal follows a dissolution of marriage decree. Sharon Bullard (Wife) challenges the trial court's: (1) award of maintenance to Steven Bullard (Husband); (2) failure to order Husband to pay child support including retroactive support; (3) division and designation of property; and (4) failure to order Husband to pay Wife's attorney fees. We affirm in part; reverse in part and remand with instructions.

The parties were married on August 10, 1981. Their only child was born on April 7, 1985. Wife filed for divorce on May 11, 1992.

At trial, the court adopted a stipulation between the parties giving the parties joint legal and physical custody of the minor child pursuant to the guidelines found in *Siegenthaler v. Siegenthaler,* 761 S.W.2d 262 (Mo. App.1988). A decree of dissolution of marriage was issued on March 1, 1995. The decree dissolved the marriage and incorporated the custody stipulation by reference. The trial court found that "[b]ased on the agreement of the parties that they shall have joint physical custody of the minor child[,] ... application of child support guidelines would be unjust or inappropriate." No child support was ordered. Wife was ordered to pay maintenance of $500 per month to Husband, subject to modification.

The trial court awarded each party their separate property. In its order, the trial court identified the marital property and approximate values if known. The trial court awarded Wife $66,375 of the marital assets and property of unknown value. Husband was awarded $68,248 of the marital assets and property of unknown value. As part of his award, Wife was ordered to pay Husband $20,876 on or before June 1, 1995, plus interest at nine percent if payment was delinquent. A lien for this amount was placed on the residence located at 15487 Duxbury Way to secure the debt. No attorneys' fees were awarded to either party. In addition, the trial court found that Wife had engaged in marital misconduct. Wife appeals from the trial court's decree.

■ The standard applied when reviewing a decree of dissolution is the same applied when reviewing any court tried action. *Frisella v. Frisella,* 872 S.W.2d 637, 640 (Mo. App.1994). The decree must be affirmed if it is supported by substantial evidence, is not against the weight of the evidence and neither erroneously declares nor applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Additionally, we will defer to the trial court's determinations as to the credibility of witnesses. *Brawley v. McNary,* 811 S.W.2d 362, 365 (Mo. banc 1991).

■ In her first point, Wife contends the trial court erred in awarding Husband $500 per month as periodic maintenance. Wife argues that Husband failed to make a showing of need pursuant to § 452.335.1(1)–(2) RSMo 1994. Additionally, Wife contends the factors under § 452.335.2(1)–(10) RSMo 1994, to be considered when an award of maintenance is warranted, were not established in the record justifying the award to Husband.

■ An award of maintenance is a matter resting within the sole discretion of the trial court. *Holmes v. Holmes,* 878 S.W.2d 906, 910 (Mo.App.1994). This Court's review of a maintenance award is limited to a determination of abuse of discretion by the trial court. *Id.* The party challenging a maintenance award has the burden of showing the trial court abused its discretion in giving the award. *Vehlewald v. Vehlewald,* 853 S.W.2d 944, 953 (Mo.App.1993).

■ The purpose of maintenance is to assist a spouse who is unable to be self-supporting through appropriate employment. *Schoolcraft v. Schoolcraft,* 869 S.W.2d 907, 909 (Mo.App.1994). A divorcing spouse has an affirmative duty to seek appropriate full-time employment after dissolution. *Chambers v. Chambers,* 910 S.W.2d 780, 784 (Mo. App.1995).

Section 452.335.1 RSMo 1994 sets forth the threshold test for an award of maintenance. It states:

> In a proceeding for ... dissolution of marriage ..., the court may grant a maintenance order to either spouse, but only if it finds that the spouse seeking maintenance:
>
> (1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; *and*
>
> (2) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

§ 452.335.1(1)–(2) RSMo 1994 (emphasis added).

We review the trial court's factual findings to determine if they were supported by substantial evidence. We find the trial court abused its discretion in awarding maintenance to Husband. The second threshold factor, § 452.335.1(2) RSMo 1994, is dispositive of the issue.

There was not substantial evidence to support the trial court's implicit finding that Husband was unable to support himself through appropriate employment. The evidence indicated Husband was forty years old at the time of trial and had one and one-half years of college education. He was not physically or mentally disabled. His work history showed he had worked off and on at part-time jobs and attended college sporadically during the first few years of the marriage. After the couple's child was born in 1985, Husband became the child's full-time caretaker until early 1988 when he started his first "at home" business. When Husband started working full-time out of the home, the child was sent to day-care. Husband continued to work full-time out of the home until the couple separated in 1992.

Husband and Wife's tax forms were admitted into evidence at trial. Although neither party provided this Court with any exhibits, the transcript indicates Husband's income was $46,050 in 1990, $44,350 in 1991, and $46,050 in 1992. Husband testified his income was $13,500 in 1993. This figure was contested by Wife because Husband failed to produce checks paid from Husband's "at home" business during January, June, August, November and December of 1993. Additionally, although Husband claimed no income in 1994, he had listed $4,000 as monthly income on a loan application. There was no evidence at trial to support a conclusion that Husband's ability to work and earn was impeded in any way.

Testimony at trial indicated Husband was educated and not disabled. Furthermore, Husband had a work history that showed his skills and ability to work. Husband's income exceeded $40,000 in the three years prior to the couple's separation, Husband was "not unable" to support himself through appropriate employment, and Husband was not the full time caretaker of the child. Keeping in mind the purpose of maintenance and the goal of self-sufficiency, we find the trial court abused its discretion in awarding maintenance to Husband. The trial court's grant of maintenance to Husband is reversed with instruction to award no maintenance to Husband on remand.

In her second point, Wife asserts the trial court erred in denying her an award of child support. In its decree, the trial court did not award child support to either parent. Rather, the trial court found the child support guidelines were unjust and inappropriate and no award was necessary because of the joint physical custody stipulation.

Rule 88.01 and Civil Procedure Form No. 14 mandate presumed child support amounts. *Allen v. Allen*, 811 S.W.2d 58, 59 (Mo.App. 1991). There is a rebuttable presumption that the amount of child support calculated pursuant to Form 14 is the amount of child support to be awarded. Rule 88.01(e). The presumption is sufficiently rebutted if the trial court finds the amount of child support calculated is "unjust or inappropriate" after consideration of all relevant factors. *Id.*

■ Given our disposition on the first point denying maintenance to Husband, the second point regarding child support must also be reversed and revisited at the trial level. The trial court should require the parties to comply with the mandates of Rule 88.01 and reconsider all relevant factors regarding child support. As in every case, the trial court need not accept the amount of income indicated by the parties as accurate and may impute income in appropriate instances.

In her third point, Wife asserts five separate arguments to support her contention that the trial court's division of marital property was erroneous.

■ First, Wife asserts the trial court erred by failing to assign specific values to certain items of property to be divided. We note that neither party made a request for findings of fact and conclusions of law. A trial court is not required to specifically determine the value of particular items of marital property unless a party requests such findings, or unless the record contains insuf-

ficient evidence to enable the court to make a just division. *Featherston v. Featherston,* 710 S.W.2d 288, 291 (Mo.App.1986). We find no error.

■ Second, Wife contends the trial court erred in dividing marital property because it failed to properly apply the standards and factors set forth in § 452.330 RSMo 1994. In paragraph 13 of the decree, the trial court found as follows:

In its division of marital property, the Court is guided by Section 452.330, RSMo. and has determined that each of the parties has contributed to the acquisition of the marital property, the economic circumstances of each of the parties at the time the division of property is to become effective, the conduct of the parties during the marriage, and the value of the property set apart to each of the parties, and the custodial arrangements for the minor child.

We find the trial court considered all the relevant factors required by § 452.330 RSMo 1994, and in absence of a specific request for findings of fact and conclusions of law by either party, the trial court was not required to make a specific finding with respect to each factor. We find no error.

■ Third, Wife contends the trial court erred in classifying the house located at 15487 Duxbury Way and a 1988 Chevrolet Celebrity automobile as marital property. Wife argues the 15487 Duxbury Way residence is not owned by either party and therefore could not be marital property. We agree.

■ Wife moved into the house at 15487 Duxbury Way after the couple separated, but before the divorce. Although it is presumed that all property acquired by either spouse subsequent to the separation of the parties but prior to the dissolution decree is marital property, *Kettler v. Kettler,* 884 S.W.2d 729, 731 (Mo.App.1994), there is no evidence to support a finding that Wife purchased the Duxbury house at any time.

To the contrary, the testimony of Husband and Wife at trial reveals that Wife's parents own the house and pay the mortgage and that a current Deed of Trust issued on 15487 Duxbury Way has neither Wife nor Husband listed as the grantor.

■ There is not substantial evidence to support a finding that either party owns the house at 15487 Duxbury Way. Further, this property is not relevant to the property division at all. A trial court does not have jurisdiction to enter a decree dividing property not owned by either spouse. *In re Marriage of Ward,* 659 S.W.2d 605, 607 (Mo. App.1983). Because neither party has ever owned the house at 15487 Duxbury Way, the trial court erred in classifying it as marital property.

As a result, the ordering of a lien placed on the Duxbury Way home to secure Wife's $20,876 debt to Husband was in error. "Judgments and decrees rendered by ... [a] circuit court held within this state ... *shall be liens on the real estate of the person against whom they are rendered ....*" § 511.350 RSMo 1994 (emphasis added). A lien cannot be placed upon property that the debtor does not own. As previously determined, there is no evidence to substantiate that Wife owns the Duxbury Way house. Therefore, a lien on the Duxbury Way house cannot stand to secure a debt of Wife.

■ Next, Wife argues the trial court erred in classifying a 1988 Chevrolet Celebrity automobile as marital property. Wife asserts this automobile is a gift. We agree.

In general, property acquired by either spouse during the marriage is classified as marital. § 452.330.3 RSMo 1994. However, property acquired by gift is not classified as marital property. § 452.330.2(1) RSMo 1994.

The transcript makes reference to a gift affidavit that was offered as an exhibit at trial. Although that exhibit was not filed with this court, there is sufficient evidence from the transcript that supports Wife's assertion that the car was a gift from her parents. · Therefore, we find that although the parties were married when Wife received the car, the evidence supports a finding that the 1988 Chevrolet Celebrity was a gift made specifically to Wife by her parents. As such, it is exempted marital property classification pursuant to § 452.330.2(1) RSMo 1994.

Accordingly, the division of property may be affected by these errors. We remand for redivision of all property with the following instructions: (1) the house at 15487 Duxbury Way must not be considered as property of either party and may not be subject to any lien by the trial court; and (2) the 1988 Chevrolet Celebrity should be classified as Wife's separate property under § 452.330.2(1) RSMo 1994, because it was a gift.

In her fourth and fifth points, Wife contends the trial court erred in failing to order retroactive child support, and in failing to award attorney's fees. Because of our rulings on Wife's prior points on appeal, we will not address these points. However, the trial court may reconsider these issues in conjunction with its decision regarding child support and division of property on remand.

The portion of judgment regarding child custody is affirmed. The portions of the judgment pertaining to maintenance, child support and division of property are reversed, and the cause remanded to the trial court for further proceedings consistent with this opinion.

CRANE, C.J., and GEORGE M. FLANIGAN, Senior Judge, concur.