Steven S. BULLARD,
Petitioner/Respondent,

v.

Sharon Briem BULLARD, n/k/a Sharon
Briem, Respondent/Appellant.

Nos. 72450, 73269.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 16, 1998.

Edward C. Cody, Corey M. Lavinsky, Klutho, Cody & Kilo, P.C., St. Louis, for appellant.

Robert D. Beekman, Mary Ann Weems, Clayton, for respondent.

JAMES R. DOWD, Judge.

This is an appeal from an Amended Judgment and Decree of Dissolution and from an Order overruling Sharon Briem's ("Wife's") Claim of Exemption and Motion to Quash Garnishment entered by the Circuit Court of St. Louis County. We affirm in part; reverse in part and remand with instructions.

The parties were married on August 10, 1981. Their only child was born on April 7, 1985. Wife filed for divorce from Steven Bullard ("Husband") on May 11, 1992. At trial, the court adopted the parties' stipulation and granted joint legal and physical custody of the minor child pursuant to the guidelines found in *Siegenthaler v. Siegenthaler,* 761 S.W.2d 262 (Mo.App. E.D.1988). A decree of dissolution of marriage was issued on March 1, 1995. The decree dissolved the marriage and incorporated the custody stipulation by reference. The trial court found that the application of the child support guidelines would be "unjust or inappropriate." The trial court found that Wife had engaged in marital misconduct. No child support was ordered. The trial court awarded each party their separate property. The trial court awarded Wife $66,375 of the marital assets and property of unknown value. Husband was awarded $68,248 of the marital assets and property of unknown value. As a part of this award, Wife was ordered to pay Husband $20,876 on or before June 1, 1995, plus interest at nine percent if delinquent. A lien for that amount was placed on the home in which Wife was living on Duxbury Way. Neither party was awarded attorney's fees. In Wife's first appeal, she challenged the trial court's: (1) award of maintenance to Husband; (2) failure to order Husband to pay child support, including retroactive support; (3) division and designation of property; and (4) failure to order Husband to pay Wife's attorney's fees. *Bullard v. Bullard,* 929 S.W.2d 942 (Mo.App. E.D.1996). This court affirmed in part, reversed in part and remanded with instructions.

In our previous opinion, we reversed the trial court's grant of maintenance to Husband and ruling on child support. This court suggested that the child support issue be revisited at the trial level, and that "the trial

court should require the parties to comply with the mandates of Rule 88.01 and reconsider all relevant factors regarding child support." Regarding the division of property, this court found that the trial court did not err by failing to assign specific values to certain items of property to be divided. We found that the trial court considered all of the relevant factors required by Section 452.330 RSMo 1994 in its division of the property. However, we remanded for redivision of property with instructions not to consider the property on Duxbury Way because there was no evidence to support that either party owned the house, and not to consider the 1988 Chevrolet Celebrity because it was Wife's separate property under Section 452.330.2(1) RSMo 1994. This court declined to address Wife's points of error regarding retroactive child support and attorney's fees.

Wife now contends that the trial court erred by: (1) failing to comply with the mandate of this court on remand; (2) failing to grant her child support, including retroactive child support; (3) dividing marital property in a manner contrary to the standards set forth in Section 452.330; (4) failing to award her attorney's fees; (5) overruling her claim of exemption because the ruling was contradictory to Missouri law; and (6) overruling her Motion to Quash Garnishment because the ruling was contrary to Missouri law.

We will affirm the trial court's decree of dissolution unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence and the concomitant inferences in a manner favorable to the decree while disregarding all contradictory evidence. *Endebrock v. Endebrock,* 916 S.W.2d 456, 457 (Mo. App. E.D.1996).

In our previous opinion, we reversed the trial court's denial of child support to Wife. *Bullard v. Bullard,* 929 S.W.2d at 945. The trial court found that the child support guidelines were unjust and inappropriate and that no award was necessary because of the joint physical custody stipulation. In the first appeal, this court determined that Rule 88.01 and Civil Procedure Form No. 14 ("Form

14") mandate the presumed child support amounts. *Id.* We further stated that there is a rebuttable presumption that the amount of child support calculated pursuant to Form 14 is the amount of child support to be awarded. *Id.* The presumption is sufficiently rebutted if the trial court finds the amount of child support calculated is "unjust or inappropriate" after consideration of all relevant factors. *Id.*

This court stated that the trial court need not accept the amount of income indicated by the parties as accurate and may impute income in appropriate instances. *Id.* This court found that the uncontradicted evidence indicated that Husband was forty-years-old at the time of trial. Husband had one and one-half years of college education and was not physically or mentally disabled. Husband's income was $46,050 in 1990, $44,350 in 1991, and $46,050 in 1993. *Id.* Further, Husband testified that: he had special training as a wire technician in the National Guard; he worked in the wire communications industry in the private sector; and has been a successful salesman.

After revisiting the child support issue, the trial court found in its Amended Judgment and Decree of Dissolution that: (1) Husband was unemployed and capable of earning minimum wage in the amount of $823 per month, which was imputed to Husband; (2) Wife's net income was $1,668 per month; (3) Husband's net income was $658 per month; (4) there are no work-related day care expenses for the son; (5) pursuant to Rule 88.01 Husband's monthly child support amount would be $142 per month; (6) the combined income of Husband and Wife available to support the family was $2,326 per month; (7) if Husband was required to make a monthly child support payment then he would be left with only $515 per month to support himself and his son during his periods of visitation; (8) the Husband's net income equals 28% of the total monies available to the family; and (9) Wife's net income represents 72% of the total monies available to the family. The trial court again concluded that "after considering all relevant factors contained in Rule 88.01 and the custodial arrangements for the minor child that the application of the authorized child support guidelines would be unjust or inappropriate."

■ An award of child support is within the sound discretion of the trial court. *Price v. Price,* 921 S.W.2d 668, 673 (Mo.App. W.D. 1996). We will not substitute our judgment for that of the trial court absent a manifest abuse of discretion, and we will not disturb the award of child support unless the evidence is "palpably insufficient" to support it. *Id.* However, the trial court could have considered Husband's past, present, and anticipated earning capacity in determining his ability to pay child support. *Effinger v. Effinger,* 913 S.W.2d 909, 914 (Mo.App. E.D. 1996). The trial court may consider employment potential and probable earnings level based on the parent's recent work history, occupational qualifications, and prevailing job opportunities. *Id.* Once it is determined that a parent has the ability to pay his or her percentage of the total child support obligation, that parent is not relieved of this obligation or responsibility simply because the other parent has the ability to pay the total child support obligation. *Browning v. Browning,* 947 S.W.2d 106, 111 (Mo.App. W.D.1997).

■ The evidence in the record is "palpably insufficient" to support the trial court's imputation of only $823 per month to Husband and its finding that the child support amount calculated pursuant to Form 14 was "unjust and inappropriate." Husband clearly has the ability to earn more than minimum wage given his past earnings, education, and skills. Husband's unemployed status does not relieve him of his obligation to pay support for his only son regardless of the financial capabilities of Wife, the custodial parent. We reverse the trial court's denial of child support and remand the cause for the trial court to enter judgment ordering Husband to pay child support to Wife in an amount to be determined after imputing an income to Husband which takes into account Husband's education, recent work history, occupational qualifications, earnings history when employed, and prevailing job opportunities.

We will review Wife's third point out of turn, for it too regards the issue of child support. In this point, Wife argues that the

trial court erred in failing to award her retroactive child support because she has been the sole support of the minor child since October of 1992, and Husband has consistently failed and refused to provide support for their son since that time. In light of our ruling on Wife's first point, we instruct the trial court to award retroactive child support in conformity with Section 452.340 RSMo 1994.

In her second point, Wife argues that the trial court erred in its Amended Judgment regarding the distribution of property because it failed to properly apply the standards and factors of Section 452.330 regarding the distribution of property in that it failed to assign specific values to certain items of property and it failed to consider the misconduct of Husband. Wife also argues that the trial court had no basis for finding that Wife depleted $52,825 in marital assets.

▪ Under Section 452.330, the trial court is required to divide the marital property as the court deems just after considering all the relevant factors. *Halupa v. Halupa*, 943 S.W.2d 272, 277 (Mo.App. E.D.1997). The trial court is not required to make an equal division, only an equitable one. *Id.* The court is vested with considerable discretion in dividing marital property, and we will only interfere if the division is so heavily in favor of one party that it amounts to an abuse of discretion. *Id.* We presume the division of property to be correct and the party challenging the division has the burden of overcoming the presumption. *Id.*

▪ The issue of property division was before this court in Wife's first appeal. We concluded that the court did not err in failing to assign specific values to all of the property divided. We found that the trial court considered all of the relevant factors required by Section 452.330, and in the absence of a specific request for Findings of Fact and Conclusions of Law by either party, the trial court was not required to make a specific finding with respect to each factor. *Bullard v. Bullard*, 929 S.W.2d at 946. Rule 73.01(a)(3) states that any request for findings of fact shall be made on the record before the introduction of evidence or at such later time as the court may allow. Wife filed her request for Findings of Facts and Con-

clusions of Law almost four months after the court issued its Amended Judgment, and we hold that this request is untimely.

▪ A trial court is not required to specifically determine the value of particular items of marital property unless a party requests such findings, or unless the record contains insufficient evidence to enable the court to make a just division. *Id.* at 945–46. We fail to see how Wife was prejudiced by the division of the stocks, even though they were not assigned an exact dollar value. Both Husband and Wife were awarded half of the total stocks. The value and the number of the stocks does not affect the proportionate distribution to the parties. Thus, our ruling upholding the trial court's division of marital property in Wife's first appeal is dispositive of this point. Point II is denied.

▪ Wife argues in her fourth point that the trial court erred in failing to award her attorney's fees because she did not have the ability to pay same and Husband did have the ability to pay same. Wife contends the court's orders regarding the distribution of property made it impossible for Wife to pay her own attorney's fees. In addition, Wife asserts that the conduct of Husband made an order of attorney's fees appropriate. The trial court has wide discretion in awarding attorney's fees. *Woolsey v. Woolsey*, 904 S.W.2d 95, 99 (Mo.App. E.D.1995). The trial court's award of attorney's fees will not be disturbed absent an abuse of discretion. *Id.*

▪ As a general rule, parties to a dissolution are to pay their own attorney's fees. *L.A.L. v. L.L.*, 904 S.W.2d 50, 55 (Mo. App. E.D.1995). To demonstrate an abuse of discretion by the trial court, the complaining party has the burden to show that the order for attorney's fees is clearly against the logic of the circumstances and is so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of deliberation. *Id.* A spouse's inability to pay is not a requirement for awarding attorney's fees. *Woolsey v. Woolsey*, 904 S.W.2d at 99. In addition, an award must be reasonable considering each spouse's financial position. *Id.*

The record indicates that Husband is unemployed and Wife is employed. Husband was granted the smaller portion of the marital assets (which took into consideration Wife's depletion of marital funds) and had $175 worth of separate property. On this evidence, we find that the trial court did not abuse its discretion in failing to grant Wife attorney's fees. Point IV is denied.

In her fifth point, Wife argues that the trial court erred by overruling her claim of exemptions because the trial court's ruling was contrary to Missouri law in that Wife was entitled to select and hold exempt from execution any property not exceeding $850 in value plus $250 for her minor, unmarried dependent child. In response, Husband concedes that Wife is entitled to the exemptions under Sections 513.440 and 513.430 RSMo 1994. However, Husband claims the trial court, when overruling Wife's claim for exemptions, wrote only "overruled," and failed to specify what it was overruling. Husband claims there is nothing in the record that indicates Wife was not allowed the statutory exemptions she claimed. Husband argues that it is reasonable to assume that Wife's bank credited her with the applicable exemptions before paying out to the court's registry the money owed to Husband. Wife asserts that the record is devoid of any evidence that she was credited with her statutory exemptions.

The $10,256 being collected by Husband was not for maintenance or child support, but for his share of marital property. Under Section 513.440 RSMo 1994, Wife, as the head of the household, may hold exempt from execution property not exceeding $850 dollars plus $250 for her unmarried, dependent minor son. We remand this issue to the trial court for it to determine whether Wife was credited for said exemptions. If Wife was found not to have been credited for these exemptions, then she should receive credit for which she is due.

In Wife's final point, she argues that the trial court erred by overruling her Motion to Quash Garnishment because the funds misdeposited in Wife's bank account by Ameritech, her former employer, were not her property and were not property subject to garnishment under Rule 90 of the Missouri Rules of Civil Procedure. Under Rule 90.15, if Ameritech claimed an interest in the property it could have intervened and asserted its claim. As it failed to do so, the trial court did not err in overruling Wife's motion asserting Ameritech's interest. Point VI denied.

The portion of the amended judgment regarding current and retroactive child support is reversed and remanded to the trial court for further proceedings consistent with this opinion. The portions of the amended judgment regarding the division of property, the denial of attorney's fees, and Motion to Quash Garnishment are affirmed. The portion of the judgment regarding the statutory exemption is remanded to the trial court for further proceedings consistent with this opinion.

CRANE, P.J., and RHODES RUSSELL, J., concur.