**Linda SCHWARTZKOPF,
Respondent/Cross–
Appellant,**

v.

**Scott SCHWARTZKOPF,
Appellant/Cross–
Respondent.**

**Nos. ED 74849, ED 74918.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 23, 1999.

Douglas R. Beach, St. Louis, for appellant.

Richard J. Eisen, Michelle J. Spirn, St. Louis, for respondent.

WILLIAM H. CRANDALL, Jr., Presiding Judge.

Husband, Scott Schwartzkopf, appeals from the decree of dissolution of his marriage to wife, Linda Schwartzkopf. Wife cross-appeals. We affirm.

Review of this case is governed by the principles of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). On appeal, we do not retry the case, rather we accept as true the evidence and reasonable inferences therefrom in the light most favorable to the prevailing party and disregard contradictory evidence. *L.J.B. v. L.W.B.,* 921 S.W.2d 23, 24 (Mo.App. E.D.1996). We recognize the superior position of the court to judge factors such as credibility, sincerity, character of the witnesses, and other intangibles that are not revealed in the transcript. *Id.*

The record reveals that the parties were married in May 1986 and separated in August 1997. Three children were born of the marriage: a son in April 1987, a daughter in May 1988, and a daughter in October 1990.

Throughout the marriage wife worked full-time as a nurse for BJC Health' Systems. Husband lost his job in December 1988 and stayed home with the children, caring for them on a full-time basis. In the fall of 1992, he returned to school to become a radiology technician. Wife adjusted her schedule to accommodate husband's school schedule. When neither party was able to be with the children, husband's mother watched them. At the time of the dissolution, husband was employed at two part-time jobs as a radiology technician and annually earned about $28,889.00, plus rental income of $2,742.00. Wife's yearly income as a nurse was about $52,000.00, including bonuses.

The trial court set apart the separate property to each party. Wife received jewelry, some furniture, and a piano; husband received rental property located on Staely. The court divided the marital property as follows:

| | PROPERTY | VALUE |
|---|---|---|
| To Husband: | Marital home | $14,000.00 |
| | Marital Interest in Staely property | 13,796.00 |
| | One-half interest in Scanlon property | 3,500.00 |
| | 1993 Chevrolet Cavalier | 4,100.00 |
| | 1984 Mazda pick up | 1,000.00 |
| | Allamerica Financial policy | 13,889.42 |
| | Household goods | 6,350.00 |
| | APPROXIMATE TOTAL | $56,635.00 |
| To Wife: | 1992 Vanduravan | $ 7,050.00 |
| | Camera | 150.00 |
| | Coin Collection | 200.00 |
| | Household goods | 6,250.00 |
| | GM Credit Card rebate | 2,340.00 |
| | Allamerica Financial policy | 6,115.00 |
| | Allamerica Financial Brokerage Acct. | 21,056.94 |
| | Washington Mutual Investors Fund | 6,242.33 |
| | BJC Retirement Plan | 11,161.00 |
| | APPROXIMATE TOTAL | $60,565.00 |

The court also ordered wife to pay husband $2,000.00 as a additional share of marital property.

The court awarded legal custody of the children to wife and joint physical custody to both parents, alternating on a weekly basis; but ordered the children to attend the school district based on husband's residence. The court ordered wife to pay husband child support of $100.00 per month. The court made other orders, *inter alia*, regarding dependency of the children for income tax purposes, wife's paying for the children's day care and their extracurricular activities, and wife's maintaining health insurance coverage for the children. In addition, the court found that neither party had engaged in marital misconduct.

### HUSBAND'S APPEAL

*Child Custody*

In his first point, husband challenges the trial court's award of sole legal custody to wife and joint physical custody to him and wife. He argues the court did not consider the best interests of the children when it failed to award primary physical custody to him and joint legal custody to him and wife.

 There is no absolute rule to follow when determining what the outcome of a custody case should be; each case must be examined in light of its unique set of facts. *L.J.B.*, 921 S.W.2d at 26. The trial court has broad discretion in making provision for child custody and we will not interfere with the trial court's decree unless the welfare of the children compels such interference. *Id.* A determination of child custody is given greater deference than that given the trial court in any other type of case. *Id.* The question of child custody is guided by section 452.375.2, RSMo (1994), which requires the court to determine custody "in accordance with the best interests of the child."

 We first address father's assertion that the court should have awarded both parents joint legal custody of the children. Under joint legal custody, the parents share the decision making regarding the health, education, and welfare of the children. *Leone v. Leone*, 917 S.W.2d 608, 614 (Mo.App. W.D.1996); *see also* section 452.375.1(1), RSMo (1994). An important factor for the trial court to consider when determining legal custody is the parents' ability to cooperate and function as a parental unit. *Id.* Where the parents are unable to communicate or cooperate and cannot make shared decisions regarding the welfare of their children, joint custody is improper. *Id.*

Here, the court found that husband was controlling and inflexible and that wife was more likely to allow the children frequent and meaningful contact with husband and be more flexible in meeting their needs. The court concluded that "the parties would be unable to agree on what would be in the best interest of the children as to legal custody issues ... [and] that mother would be more likely to confer with father and consider his point of view before making a decision concerning the children...." These findings were supported by the record. During the separation, mother and father experienced difficulty in communicating and in cooperating to rearrange their scheduled time with the children when adjustments were either necessary or for the benefit of the children. There was acrimony between the parties because of their inability to agree on what was in the best interests of the children. The trial court did consider the best interests of the children in awarding legal custody solely to wife.

 We next address father's argument that primary physical custody should have been awarded to him in lieu of joint physical custody to him and wife. Section 452.375.4, RSMo (1994) sets forth the declaration of the Missouri legislature "that it is the public policy of this state to assure children frequent and meaningful contact

with both parents after the parents have separated or dissolved their marriage, and that it is in the public interest to encourage parents to share decision-making rights and responsibilities of child rearing." In order to effectuate this policy, the trial court is directed to consider joint custody prior to making any award of custody. Section 452.375.5, RSMo (1994). This section does not create a presumption in favor of joint custody, although it does require that the option be considered. *Klockow v. Klockow,* 979 S.W.2d 482, 491–492 (Mo.App. W.D.1998).

Here, the record reflects that in the past both parents were active in the lives of their children, were nurturing, were involved in the day-to-day care of the children, and performed their responsibilities as mother and father to the children. Both parents wished to continue to do so in the future. The children also interacted well with both parents. The court stated that it was extremely important for the children to have significant and continuing contact with both parents. The trial court considered the best interests of the children in awarding both parents joint physical custody.

■ In addition, the trial court's decision is supported by the guardian ad litem's recommendation. The GAL recommended that joint custody was appropriate; but that if the parties could not agree on a particular issue, the final decision should be vested in wife. The GAL's principal allegiance is to the court and his or her function is to advocate what he or she believes to be in the children's best interests. *Stevens v. Stevens,* 977 S.W.2d 305, 310 (Mo.App. W.D.1998). Here, the court's award of joint physical custody to both parents and legal custody to wife was in conformity with the GAL's recommendation. Husband's first point is denied.

*Division of Marital Property*

■ In his second point, husband challenges the division of marital property in that the court failed to consider wife's marital misconduct in making the division. Section 452.330.1, RSMo (1994) sets forth the factors which the trial court may take into consideration when distributing marital property, including the "conduct of the parties during marriage." *See Lawrence v. Lawrence,* 938 S.W.2d 333, 338 (Mo.App. W.D.1997). Here, the trial court found that neither party engaged in marital misconduct. This finding was supported by the evidence. Wife testified that her relationship with a co-worker was purely platonic until several months after the parties separated. The court was free to believe or disbelieve this testimony. Husband's second point is denied.

*Valuation of Marital Property*

In his third point, husband contends the trial court erred in valuing the marital assets. He argues that the valuation placed on the household goods was contrary to the evidence. He further contends that two accounts awarded to wife, specifically the Allamerica Financial Brokerage Account and Washington Mutual Investors Fund, were not valued as of the date of the court's order and thus the court failed to consider an increase in those accounts in the amount of $2,919.00.

■ Under section 452.330, RSMo (1994), the trial court is required to divide the marital property as the court deems just after considering all the relevant factors. *Bullard v. Briem,* 969 S.W.2d 880, 884 (Mo.App. E.D.1998). The trial court is not required to make an equal division, only an equitable one. *Id.* The court is vested with considerable discretion in dividing marital property, and we will interfere only if the division is so heavily in favor of one party that it amounts to an abuse of discretion. *Id.* We presume the division of property to be correct and the party challenging the division has the burden of overcoming that presumption. *Id.*

■ We first address husband's argument that the court improperly valued the

household goods. Here, wife's statement of property indicated that the value of the household goods, less her separate property, at $10, 950.00. Based on husband's statement of property, the same figure was $15,166.00. The court's total value of $12,600.00 was therefore more than wife's and less than husband's. Yet, because the trial court's valuation was within the range of values offered by the parties, the trial court did not abuse its discretion. *See Brennan v. Brennan*, 955 S.W.2d 779, 783 (Mo.App. E.D.1997).

 We next consider husband's argument that the proper date to value the marital property was the date of the trial court's order, not the date of trial. In *Morgan v. Ackerman*, 964 S.W.2d 865, 868 (Mo.App. E.D.1998), this court reconciled the seemingly contradictory directives that the proper date of valuation of marital property is the date of trial, *see Taylor v. Taylor*, 736 S.W.2d 388, 391 (Mo. banc 1987), and the mandate of section 452.330.1 that the court must consider the economic circumstances of each spouse at the time the division of marital property is to become effective. In *Morgan*, this court quoted *In re Marriage of Gustin*, 861 S.W.2d 639, 644 (Mo.App. W.D.1993) as follows:

> These two concepts are not inconsistent. Valuation of property should be reasonably proximate to the date the division is to be effective. If the effective date of distribution is not reasonably proximate to the date of valuation, the court should hold another hearing to establish a valuation as close to the effective date of the division as possible.

*Morgan*, 964 S.W.2d at 868.

Here, the trial was on January 5 and 6, 1997, and the trial court entered the decree of dissolution on April 28, 1997. This was a time gap of less than four months. Other cases in which Missouri courts have held another hearing was necessary to establish a valuation as close to the effective date of the division as possible involve

greater gaps in time. *See Morgan*, 964 S.W.2d at 869 (judgment reversed and cause remanded for additional evidence where date of distribution 30 to 40 months after date of valuation); *Gustin*, 861 S.W.2d at 639 (judgment reversed and cause remanded for additional evidence where 8 month gap between valuation and decree). Thus, in the instant action, the date of the valuation was reasonably proximate to the date of the division. The trial court was entitled to rely on the values assigned to the marital assets at the time of trial. Husband's third point is denied.

## Child Support

In his fourth point, husband asserts the trial court erred in calculating child support. He first argues that, should he be awarded primary physical custody of the children, the child support should be recalculated and increased. In view of our holding that joint physical custody was the appropriate award in this case, we need not address this issue.

 He next argues that given the joint physical custody order, the trial court erred in calculating child support. Here, the court found that each party's Form 14 was inaccurate and did its own Form 14 calculation, arriving at a presumed child support amount of $296.00. The court then found that amount to be unjust and inappropriate and awarded husband $100.00 per month for child support.

 Rule 88.01 requires the use of Civil Procedure Form 14 in calculating child support. The requirements of Rule 88.01 are mandatory, and courts must either award child support in conformity with the result obtained by using Form 14 or make a finding on the record that an award of such an amount is unjust or inappropriate. *Watkins v. Watkins*, 839 S.W.2d 745, 748 (Mo.App. W.D.1992). In the instant action, the court calculated the presumed child support in conformity with Form 14 and then found the amount was unjust and inappropriate. In view of the court's other orders that wife pay all day care expenses,

one-half the uncovered medical expenses of the children, and the cost of all extracurricular activities for the children, the trial court did not err in finding the presumed child support unjust and in awarding husband child support of $100.00. Husband's fourth point is denied.

*Attorney's Fees*

■ In his fifth point, husband challenges the trial court's refusal to award him attorney's fees. He points to the disparity between his and wife's income as well as wife's conduct which caused him to incur attorney's fees.

■ Section 452.355.1, RSMo (1994) authorizes an award of attorney's fees in dissolution cases "after considering all relevant factors including the financial resources of both parties." To require one party to pay the attorney's fees of the other mandates a showing of unusual circumstances justifying deviation from the normal rule that each party should bear his or her own litigation costs in a dissolution action. *In re Marriage of Baker*, 986 S.W.2d 950, 957 (Mo.App. S.D.1999). The appellate court will overturn the trial court's order only upon a showing that the trial court abused its broad discretion in ordering, or refusing to order, one party to pay the attorney's fees of the other party. *L.A.L. v. L.L.*, 904 S.W.2d 50, 55 (Mo.App. E.D.1995). To demonstrate an abuse of discretion by the trial court, the complaining party has the burden to show that the order for attorney's fees was clearly against the logic of the circumstances and was so arbitrary and unreasonable as to shock one's sense of justice and to indicate a lack of deliberation. *Id.*

■ The financial state of the party seeking an award of attorney's fees is only one factor to consider. *In re Marriage of Baker*, 986 S.W.2d at 958. The fact that wife's income exceeds husband's, standing alone, does not compel an award of attorney fees. *See id.* Moreover, whether or not husband can pay his attorney's fees is not determinative. *See id.*

Here, the trial court found that each party was able to pay his or her own attorney's fees. The court awarded husband and wife about equal amounts of marital assets and ordered wife to pay more of the child-related expenses than husband. Thus, the record does not support an award of attorney's fees to husband based solely on his income. Husband's other argument that wife's conduct warranted an award of attorney's fees to him was also not supported by the record. The court did not abuse its discretion in refusing to order wife to pay husband's attorney's fees. Husband's fifth point is denied.

## WIFE'S CROSS–APPEAL

*Children's School District*

■ In the first point of her cross-appeal, wife claims the trial court erred in ordering the children to attend the school district in which husband resides. She argues this order was contrary to the court's award of legal custody to her which gave her the right to make decisions regarding their schooling.

Wife relies on the case of *A.J.K. by R.K. v. J.L.*, 980 S.W.2d 81 (Mo.App. E.D.1998) for the proposition that the court may participate in school selection only (1) where there is an award of joint legal custody and (2) where the parents cannot agree on the proper school. *Id.* at 87.

We disagree with wife's interpretation of *A.J.K.* In that case, this court stated that the court has the affirmative duty to enter a decree that is in the best interests of the children and the best interests of the parents are secondary. *Id.* This court further said that when the parents cannot agree, the court has the discretion to participate in school selection to protect the best interests of the children. *Id.* Although *A.J.K.* involved joint legal custody, the decision did not specifically limit court intervention solely to cases where there was a joint legal custody order.

Here, the trial court did not award joint legal custody because the parents could not agree on child rearing decisions. By implication, the parents would not be able to agree on what school district the children should attend. By ordering that husband's residence was determinative of the children's school district, the court permitted the children to remain in the school district in which they were enrolled at the time of the dissolution. In addition, the children spent half of their time with husband and did so in the marital home awarded to husband in the decree. These factors indicate that it was in the best interests of the children to attend the school district in which husband resided. The trial court did not abuse its discretion in so ordering. Wife's first point of her cross-appeal is denied.

*Pension Plan*

 In the second point of her cross-appeal, wife asserts the trial court erred in treating all of her BJC Retirement Plan as marital property. She argues the court should have set aside to her 6.54 percent of her retirement plan, valued at $729.48, as separate property because it was accumulated prior to the marriage. On appeal, husband concedes that portion of the pension plan is wife's separate property. However, in light of the fact that wife was awarded the BJC Retirement Plan in the decree of dissolution when the court divided the marital assets, she has not demonstrated how she was prejudiced by the trial court's ruling. In the absence of prejudice, we decline to find error in the trial court's failure to set aside a portion of wife's retirement plan as her separate property. The second point of wife's cross-appeal is denied.

The judgment of the trial court is affirmed.

KENT E. KAROHL, J., and MARY K. HOFF, J., Concur.