**Mary Lisa BREIHAN, Appellant,**

v.

**Mark Allen BREIHAN, Respondent.**

**No. ED 78894.**

Missouri Court of Appeals,
Eastern District,
Division Two.

March 5, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 17, 2002.

Application for Transfer Denied May 28, 2002.

Janet F. Catalona, Patricia K. Susi, Clayton, Mo. for appellant.

Susan M. Hais, Clayton, Mo. for respondents.

MARY R. RUSSELL, Presiding Judge.

Mary Lisa Breihan ("Wife") appeals from a judgment entered by the Circuit Court of St. Louis County dissolving her marriage to Mark Allen Breihan ("Husband"). She alleges the trial court erred in classifying certain property as Husband's separate property, denying her maintenance, failing to value debts owed to him by his various companies, failing to recapture assets secreted by him during the dissolution, and failing to assign a specific value for a note payable to the parties from a marital corporation. We reverse the denial of maintenance and remand for further proceedings consistent with this opinion. In all other respects, we affirm the judgment pursuant to Rule 84.16(b).

Husband and Wife were married for 19 years and had four children. At the time of trial, the children were 17, 14, 10, and 8 years old and lived with Wife. During the marriage, Husband worked at several companies in which he had an ownership interest, earning approximately $83,000 per month. Wife had received a master's degree in hospital administration shortly after the marriage, but was never employed in that field or had any other job outside of the home as she was a homemaker and had the primary responsibility of raising the four children.

Wife filed a petition for dissolution and Husband answered and cross-petitioned for divorce. After five days of trial, the family court commissioner made findings and recommendations, which were adopted by the Circuit Court of St. Louis County. Those findings included that Husband had committed marital misconduct by having an affair during the marriage.

The court awarded the parties joint legal and physical custody of the four minor children and ordered Husband to pay $2,677 per month in child support. Husband was ordered to pay the cost of automobile, health, and dental insurance, as well as tuition and fees for elementary, secondary, and post-secondary institutions for each minor child.

The court imputed employment income to Wife, finding she was capable of full-time employment in an allied medical field and could invest marital property awarded to her in interest-bearing accounts. The court concluded that the total of Wife's imputed employment income and imputed interest income would be sufficient to meet her reasonable needs such that maintenance was not necessary.

Husband had an interest in several business entities. The court found a portion of those interests to be his separate property and a portion to be marital property. Husband was awarded separate property totaling $3,692,214. In dividing the marital property, the court awarded Wife assets of $1,360,142 and Husband assets of $2,882,011. Husband was further ordered to pay Wife $1,185,150 as a property set-

tlement. Wife was ordered to pay $80,000 of marital debt and Husband was ordered to pay debt of $27,607. Finally, Husband was ordered to pay $50,000 of Wife's attorney's fees as well as the *guardian ad litem* fees. Wife timely filed her notice of appeal.

■ The standard for reviewing a judgment of dissolution is the same for reviewing any court-tried action. *Schwartzkopf v. Schwartzkopf,* 9 S.W.3d 17, 20 (Mo.App. 1999). The judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

We will not retry this case, but rather we must accept as true the evidence and reasonable inferences therefrom in the light most favorable to the verdict and disregard all contradictory evidence and inferences. *Schwartzkopf,* 9 S.W.3d at 20. We defer to the trial court's superior ability to judge factors such as credibility, sincerity, character of the witnesses, and other intangibles that are not revealed in the transcript. *Id.* The trial court may accept or reject all, part, or none of the testimony of a witness. *McGowan v. McGowan,* 43 S.W.3d 857, 861 (Mo.App.2001).

■ We begin by addressing Wife's challenge to the court's denial of maintenance. She contends that it was error for the court to impute employment and investment income to her. Awarding maintenance is within the sound discretion of the trial court, and our review is limited to determining whether that discretion has been abused. *Nichols v. Nichols,* 14 S.W.3d 630, 635–36 (Mo.App.2000).

■ Section 452.335 RSMo 2000 [1] governs the award of maintenance. Section 452.335.1 provides the two-part threshold test for a maintenance award. *McIntosh v. McIntosh,* 41 S.W.3d 60, 67 (Mo.App. 2001). The court must first determine the reasonable needs of the spouse seeking maintenance and then determine whether the spouse can meet those needs through use of marital property or appropriate employment. *Id.* at 67–68. When the threshold test for eligibility has been met under section 452.335.1, the court must then consider the nonexclusive list of factors set out in section 452.335.2 and any other relevant factors in determining the amount and duration of the award. *L.R.M. v. R.K.M.,* 46 S.W.3d 24, 26 (Mo. App.2001).

The court made these specific findings of fact:

8. Wife is a 45 year old woman. She has a bachelor of science and a masters in hospital administration. She did a post graduate fellowship before Laura was born. Wife has not worked outside the home since Laura was born. She has been a stay at home mother for the last 18 years. Presently she is performing part-time bookkeeping duties for a company that her mother owns. She is receiving no compensation. The Court finds that she could be employed in the allied medical field at $21,000 per year or $1,750 per month. Wife is able bodied and able to work full time. The Court finds that Wife is not the custodian of a child whose condition or circumstances make it appropriate that she not work outside the home. The Court finds no credible evidence that it is a reasonable request of Wife to be available to the parties' four children, some of whom have divorce-related emotional problems, and who have been residing with her, rather than to work full time outside the home. Wife has reasonable

1. All future statutory references are to RSMo 2000 unless otherwise indicated.

needs of $8,333 per month. She is getting a cash payment in the division of marital property in the amount of $1,185,150. At 6% interest, she could collect $71,109 in interest each year or $5,926 per month. She is able to earn $6,734 per year or $561 per month from her Edward D. Jones account. On the $164,866 invested in the Merrill Lynch accounts, less 26% capital gains tax, invested at 6%, she could earn $7,517 per year or $626 per month. Wife is awarded 7250 shares of Firstar Bank stock valued at $142,225. She could invest this amount, less 26% capital gains tax, and earn 6% per year or $6,315 per year or $526 per month. She could earn $21,000 per year or $1,750 per month from employment. The Court finds that she has the ability to receive total income of:

|  | Yearly | Monthly |
| --- | --- | --- |
| Employment | $ 21,000 | $1,750 |
| Merrill Lynch | 7,517 | 626 |
| Firstar | 6,315 | 526 |
| Marital Property | 71,109 | 5,926 |
| Edward Jones | 6,734 | 561 |
|  | $112,675 | $9,390 |

The Court finds that Wife has total income of $9,390 per month. She is found to be an intelligent, competent and able bodied person, capable of supporting herself, considering the marital property awarded to her.

We note at the outset that the court found Wife's reasonable needs to be $8,333 per month, and she does not dispute this figure. She, however, does not agree with the court's imputation of employment income or the 6 percent interest rate imputed to her on the investment of marital property. We first address the court's imputation of employment income.

■ A divorcing spouse has an affirmative duty to seek full-time employment

after the divorce. *Shelton v. Shelton,* 29 S.W.3d 400, 404 (Mo.App.2000). The trial court is permitted to impute employment income to a party seeking maintenance " 'according to what he or she could earn by use of his or her best efforts to gain employment suitable to his or her capabilities.' " *Hosack v. Hosack,* 973 S.W.2d 863, 871 (Mo.App.1998) (*quoting Schroeder v. Schroeder,* 924 S.W.2d 22, 27 (Mo.App. 1996)). While "self-sufficiency should be encouraged, maintenance may be awarded when one spouse was a homemaker during the marriage and relied on the other spouse for monetary support, staying out of the marketplace." *Hill v. Hill,* 53 S.W.3d 114, 117 (Mo. banc 2001).

■ Husband presented the testimony of a rehabilitation counselor.[2] The counselor evaluated Wife's employability and testified that Wife had a master's degree in hospital administration and background in the medical field. Given this background, he found that "the most likely and probably the most direct transferability of her past developed skills and interests would be in ... the allied medical field." He further stated that the market was "good" in the allied medical field and that Wife could earn between $21,000 and $32,000 per year. The counselor conceded on cross-examination that he had not interviewed Wife, he knew nothing about the emotional or psychological needs of the parties' four children, nor had he considered whether Wife's potential employment would allow her sufficient time to attend to the needs of the children and their activities.

The counselor testified that Wife's absence from the work force led him to lower her starting salary. We do not find any evidence, however, that he considered her

2. As the parties did not include the counselor's report as part of the record on appeal, we only have the benefit of his testimony as presented in the transcript.

lack of work experience in the allied medical field or whether she was qualified for any current employment opportunities. Moreover, there was no indication he considered that her degree was earned almost 20 years ago or that she lacked continuing education in light of today's technology. Even if the court completely believed the speculative testimony presented by the rehabilitation counselor, we find the evidence was not sufficient to deny Wife a maintenance award.

Wife cites, and we agree, that *Hosack v. Hosack* is factually similar to the instant case. In *Hosack*, the husband and wife divorced after a 24–year marriage. 973 S.W.2d at 866. For the first few years of the marriage, the parties lived in Nebraska where the wife worked as a schoolteacher. *Id.* When their two children were born, the wife stayed at home to care for them. *Id.* The parties then moved to Missouri, and the wife held various part-time jobs but did not pursue employment as a teacher. *Id.* At the time of trial, both children were in high school. *Id.* The trial court found the husband committed marital misconduct in that he had been abusive to the wife. *Id.* The wife requested maintenance, but the trial court failed to rule on her request. *Id.* at 867. She appealed, arguing that she met the threshold test for a maintenance award as set out in section 452.335. *Hosack*, 973 S.W.2d at 867.

■ The husband presented expert evidence that the wife would be able to find a teaching position in Missouri. *Id.* at 871. Even if it accepted this evidence *in toto*, the appellate court found the relevant concern in awarding maintenance was what the spouse could make in the present, as opposed to in the future. *Id.* The wife was not immediately employable as a teacher in that she did not have a certificate to teach in Missouri and had not taught anywhere in over 20 years. *Id.* at 871–72.

"In awarding or limiting maintenance '[n]either an appellate court [n]or a trial court may speculate on what the future might justify; rather such a determination should be made in a proceeding for modification of the award upon a showing of changed circumstances.'" *Id.* at 871 (*quoting Whitworth v. Whitworth*, 806 S.W.2d 145, 148 (Mo.App.1991)).

The appellate court found that to impute a teacher's income to the wife on these facts was speculative, at best. *Id.* at 872. The trial court, therefore, abused its discretion in failing to award maintenance as the wife had insufficient funds with which to meet her reasonable needs, and the husband had sufficient funds with which to assist her. *Id.* at 873–74.

The facts presented here are substantially similar. Husband and Wife were married for 19 years and, at the time of the dissolution, had four children under the age of 18. Wife was 45 years old, had a degree earned almost 20 years ago, and had not used the degree or worked at all during the marriage. Wife argued that she would have difficulty finding a job in the allied medical field given that she had no experience and had not taken any continuing education courses. She felt most of the jobs in the field were full-time positions that would require her to employ child care. In addition, there was substantial evidence that Husband was capable of paying maintenance and that he contributed to the breakdown of the marriage by having an affair.

■ Wife testified that she wanted to be able to stay at home with her children, as she had grown accustomed to nurturing them during the marriage. After the first child was born, Husband and Wife mutually decided the children's interests would best be served if she stayed at home with them. She further stated that the children thrived under this arrangement, and they

appreciated that their mother was able to stay home and attend to their needs. Finally, Husband testified that one of the children suffered from depression requiring medication and that all of the children attended counseling in order to deal with the divorce. We find it was reasonable of Wife to request to stay at home, at least in the transition while the family adjusts to the divorce and while she begins receiving the education and training necessary to become employed. To impute income to Wife based on her possible employment in the field she was educated in almost 20 years ago and has never worked in was speculative and an abuse of discretion. *See Hosack,* 973 S.W.2d at 872.

Husband cites *In re Marriage of Lewis,* 808 S.W.2d 919 (Mo.App.1991), in support of his argument that it was proper for the trial court to deny Wife maintenance. In *Lewis,* the wife worked as a medical technologist prior to the 20–year marriage. *Id.* at 921. For the first eight or nine years of the marriage, the wife worked as a housewife, but held various part-time jobs for the last 10 years of the marriage. *Id.* The parties both had children from prior marriages, but no children were born of their marriage. *Id.* The trial court found that the husband committed marital misconduct and was physically abusive to the wife. *Id.* The parties were both awarded a significant amount of marital and separate property. *Id.* In upholding the ruling of the trial court denying the wife maintenance, the appellate court found that she had the ability to work and support herself in addition to the substantial assets she received in the dissolution. *Id.* at 925.

The facts in *Lewis* are dissimilar to the facts presented here. In *Lewis,* the wife held numerous part-time jobs during the marriage and was employed part-time at the time of the decree. *Id.* at 921. Here, while Wife was performing bookkeeping for a company owned by her mother at the time of divorce, she was not receiving compensation for that work and had been out of the workforce for 19 years. She had no training, no experience, and a degree earned almost 20 years ago. We find *Lewis* not to be persuasive.

We find that under the facts and circumstances of this case, the court erred in imputing employment income to Wife. Without the imputation of employment income, Wife is unable to meet her reasonable needs and has, therefore, met the threshold test for an award of maintenance.

Wife also argues that the court erred in forcing her to consume her marital assets in order to support herself and in assigning a 6 percent rate of return upon investment of those assets. The court found that she could invest her income-producing property, specifically the $1,185,150 cash payment, an Edward D. Jones stock account, a Merrill Lynch stock account, and stock in Firstar Bank, at a rate of 6 percent. The court found that combined, her interest income and her employment income were sufficient to meet her reasonable needs. Wife, however, contends that she is being forced to liquidate stock, which is an asset that can be passed down from generation to generation. In effect, she is being required to deplete an asset. She argues that the court's order was tantamount to forcing her to consume her marital assets in lieu of maintenance and constitutes an abuse of discretion.

The bulk of Wife's marital property award consisted of cash and stock. The interest Wife can earn from her share of the marital property must be considered when determining whether she is in need of maintenance and the amount thereof. *In re Marriage of Clarke,* 950 S.W.2d 11, 13 (Mo.App.1997). "Failure to consider the recipient spouse's reasonable

expectation of income from investment of the marital property constitutes error." *Id.*

The court did not err in considering what income could be earned from the investment of Wife's marital property. While we agree with Wife that she should not be required to deplete or consume her marital assets before being entitled to maintenance, *Van Natter v. Van Natter,* 988 S.W.2d 110, 113 (Mo.App.1999), the court did not order her to consume any of the principal of her marital property for support. Rather, the court was requesting Wife invest the assets in interest-bearing accounts and use the interest for support.

Although rates of return are not stable, recent decisions have held 5 percent to be a modest return on investments. *See Hosack,* 973 S.W.2d at 873; *Nelson v. Nelson,* 937 S.W.2d 753, 756 (Mo.App. 1997); *Myers v. Myers,* 844 S.W.2d 105, 108 (Mo.App.1992). Wife should not be required to risk assets in order to generate higher rates of return nor should the court impute a greater amount of income based on more aggressive investments. *Van Natter,* 988 S.W.2d at 114. Because we are remanding the issue of maintenance due to the error in imputing employment income to Wife, the trial court should also recalculate the reasonable expectation of investment income available to Wife at the time of remand, as investment income is interrelated.

Finally, Wife argues that the court neglected to subtract from her property settlement the balance of the attorney's fees she was ordered to pay. The court ordered Husband to pay $50,000 of Wife's attorney's fees, but she was to be responsible for the remaining balance of $148,500. Wife contends that if these attorney's fees were subtracted, her net property settlement would be reduced

from $1,185,000 to approximately $1,000,000. Therefore, the income that could be earned from the net property settlement would be significantly less than the income she could earn from the gross settlement as calculated by the court.

The trial court has broad discretion in awarding attorney's fees, and we will not disturb the award absent an abuse of discretion. *McGowan,* 43 S.W.3d at 870. Moreover, the court's distribution of attorney's fees is presumptively correct. *Id.*

By subtracting the remaining balance of these fees from Wife's property settlement, Husband indirectly would be responsible for paying more of her attorney's fees than the court intended. The court did not abuse its discretion in failing to subtract the attorney's fees from Wife's property settlement in calculating the income that could be earned thereon.

We find the court abused its discretion in imputing employment income to Wife given the circumstances of this case. Wife has met the threshold statutory test for an award of maintenance in that she is unable to meet her reasonable needs through appropriate employment and investment income. We reverse the denial of maintenance and remand to the trial court for consideration of the factors set out in section 452.335.2. In addition, the trial court should take additional evidence of the current *reasonable* expectation of interest income to be produced from Wife's property and take this evidence into consideration in determining a maintenance award.

We have reviewed Wife's three remaining allegations and the record on appeal, and we find no error of law. No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. The parties, however, have been furnished with a

memorandum opinion for their information only, setting forth the reasons for our decision. We affirm these points pursuant to Rule 84.16(b).

PAUL J. SIMON, J., and MARY K. HOFF, J., concur.