David KLUGESHERZ, as Guardian, Conservator and Next Friend of Brian Klugesherz, Plaintiff–Appellant,

v.

AMERICAN HONDA MOTOR CO., INC., and Honda Motor Company, Ltd., Defendants–Respondents.

No. 66982.

Missouri Court of Appeals, Eastern District, Division Two.

July 16, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1996.

Application to Transfer Denied Oct. 22, 1996.

Roger C. Denton, Steven J. Stolze, St. Louis, for plaintiff/appellant.

G. Keith Phoenix, St. Louis, for defendants/respondents.

CRAHAN, Presiding Judge.

Plaintiff, David Klugesherz ("Plaintiff"), guardian and next friend of his son, Brian, appeals the judgment notwithstanding the verdict ("JNOV") entered in favor of Defendants American Honda Motor Company, Inc. and Honda Motor Company, Ltd. (collectively "Honda") on two of his claims seeking damages for personal injuries suffered by Brian while riding an all-terrain vehicle ("ATV") manufactured and sold by Honda. We affirm.

Plaintiff's action was submitted to the jury in three counts: strict liability/design defect, strict liability/failure to warn and negligence. The jury returned a verdict for Honda on the design defect claim and a verdict in favor of Plaintiff on the failure to warn and negligence claims,[1] awarding substantial damages. The trial court granted Honda's motion for JNOV on the grounds that Plaintiff failed to prove the absence of a proper warning was the proximate cause of Brian's injuries and that the verdict on the negligence claim was also inconsistent with the verdict in Honda's favor on the design defect claim. In the alternative, the trial court granted Honda's motion for new trial on the failure to warn and negligence claims based on several alleged trial errors. Plaintiff appeals the judgment granting JNOV and the alternative motion for new trial but does not challenge the jury verdict in Honda's favor on the design defect claim.

The precise manner in which the accident occurred is largely immaterial to the dispositive issues on appeal. Brian was injured while riding an ATV which belonged to his friend, Eddie Smith. The ATV was manufactured and sold by Honda and had been purchased used by Eddie's stepfather, Glen Voyles, about two years prior to the accident. He did not obtain an owner's manual when he purchased the vehicle from the original owner.

Brian, who was almost fifteen years old at the time of the accident, had been specifically instructed by his father that he was not to ride motorized vehicles of any type and knew he would be disciplined if he did so. Eddie, who was sixteen on the date of the accident, had been specifically instructed by his stepfather that he was not to permit anyone else to operate the ATV. Mr. Voyles had also warned Brian and other friends of Eddie's that they were not to ride on or operate the ATV. However, apparently unknown to either Brian's or Eddie's parents, Brian drove the ATV in the field adjacent to their neighborhood nearly as much as Eddie did during the two years preceding the accident.

According to Eddie, he frequently rode the ATV in the nearby field after school and on weekends, so much so that a rough path or track was created, enabling the rider to make a complete circuit around the field. On the date in question, Eddie obtained the key from his mother, Marianne Voyles, after school and began riding the ATV around the rough track in the field. He stopped to rest and Brian asked if he could ride for a while. Eddie agreed and Brian drove the vehicle around the path.

According to Eddie, Brian had just completed one complete circuit and, as he was descending a shallow grade while seated with both hands on the handlebars, the front wheel appeared to lock up for no apparent reason and the vehicle flipped over, landing on Brian. Eddie's estimate of Brian's speed varied from less than 20 m.p.h. to nearly 30 m.p.h. but he said it was difficult to judge the

---

1. The jury also found Brian to be comparatively at fault, assessing his degree of fault at 41% and 32% on the failure to warn and negligence claims, respectively.

exact speed. He did not feel that Brian was going particularly fast and did not consider the speed to be excessive. Brian did not testify and there were no other witnesses to the accident.[2]

Plaintiff's first point is dispositive. In this point, Plaintiff urges that the trial court erred in granting JNOV on the strict liability and negligent failure to warn claims because the evidence was sufficient to support a finding that Honda's inadequate warnings were a proximate cause of Brian's injuries. We disagree.

Before turning to the specific arguments advanced by Plaintiff, we must explain why the issue of proximate cause is dispositive of both the strict liability/failure to warn and negligent failure to warn claims. In the strict liability/ failure to warn count, Plaintiff hypothesized that the ATV was unreasonably dangerous when put to a reasonably anticipated use "without knowledge of its characteristics," that Honda "did not give an adequate warning of the danger," that the product was used in a manner reasonably anticipated, and that Brian was injured as a direct result of the ATV being sold "without an adequate warning." In the negligence count, Plaintiff hypothesized that the ATV "was dynamically unstable when used by minors of Brian Klugesherz's age," that Defendants "failed to use ordinary care to either distribute an ATV that was reasonably safe or adequately warn of the risk of harm from dynamic instability when used by minors of Brian Klugesherz's age" and that as a direct result Brian was injured.

The propriety of these instructions is not before us. We observe, however, that the first portion of the disjunctive negligence submission—i.e., failure to distribute an ATV that was "reasonably safe," is not a meaningful specification of negligence. It is patently a roving commission and misstates the law with respect to Defendant's duty. We know of no authority which would support such a submission. In any event, the jury's verdict

in favor of Honda on Plaintiff's strict liability/design defect claim, which Plaintiff did not appeal, effectively precludes a finding in Plaintiff's favor on this aspect of the submission except insofar as the jury may have found that the vehicle was not reasonably safe due to an inadequate warning. We will therefore disregard that aspect of the claim for purposes of our analysis. The proximate cause issue is thus squarely presented: Did Plaintiff present sufficient evidence to support a finding that better warnings of the danger posed either by the handling characteristics or its use by children of Brian's age would have prevented Brian's injuries?

▮▮▮ To make a submissible case, evidence is required for every fact essential to liability. *Eidson v. Reproductive Health Services*, 863 S.W.2d 621, 626 (Mo.App.1993). A mere scintilla of evidence is insufficient. *Beelman River Terminals, Inc. v. Mercantile Bank*, 880 S.W.2d 903, 907 (Mo.App. 1994). "Substantial evidence is that which, if true, has probative force upon the issues, and from which the trier of facts can reasonably decide a case." *Hurlock v. Park Lane Medical Center, Inc.*, 709 S.W.2d 872, 880 (Mo. App.1985). The questions of whether evidence in a case is substantial and whether the inferences drawn are reasonable are questions of law. *Id.*

▮▮▮ In determining whether a submissible case is made, we review the evidence in the light most favorable to the plaintiff, giving the plaintiff the benefit of all reasonable favorable inferences and disregarding defendant's evidence except insofar as it may aid the plaintiff's case. *Beelman River Terminals, Inc.*, 880 S.W.2d at 906. However, we do not supply missing evidence or give plaintiff the benefit of unreasonable, speculative, or forced inferences. *Eidson*, 863 S.W.2d at 626. The evidence and inferences must establish every element and not leave any issue to speculation. *Id.*

▮▮▮ A party is bound by the uncontradicted testimony of that party's own wit-

---

**2.** Although Eddie denied it, other evidence indicated that the boys frequently drove the ATV at excessive speed and performed various dangerous maneuvers, including jumps and "wheelies," prompting neighbors to warn them that they

could be seriously hurt. In view of its substantial assessment of comparative fault, the jury apparently did not accept Eddie's version of how the accident occurred.

nesses, including that elicited on cross examination. *Id.* A submissible case is not made if it depends solely on evidence which supports two inconsistent and contradictory factual inferences as to ultimate and determinative facts because liability is then left in the realm of speculation, conjecture and surmise. *Id.*

In a failure to warn case, there are two separate requirements of causation which the plaintiff must prove: (1) the product for which there was no warning must have caused plaintiff's injuries; and (2) "the plaintiff must show that a warning would have altered the behavior of those involved in the accident." *Tune v. Synergy Gas Corp.,* 883 S.W.2d 10, 14 (Mo. banc 1994). Plaintiff expressly does not contend that a warning would have altered Brian's behavior. Plaintiff urges, however, that he made a submissible case on proximate cause in three different ways: (1) the legal presumption that a warning will be heeded; (2) Plaintiff's expert, Dr. Karnes' testimony that the accident was caused in part by ignorance of the hazard created by foreseeable use of the ATV; and (3) Mrs. Voyles' (Eddie Smith's mother) testimony that if she had the type of information and warnings Plaintiff claimed were necessary, she would not have given Eddie the key. We will examine each of these contentions in turn.

Plaintiff is correct that Missouri recognizes a rebuttable presumption that a warning will be heeded. *Arnold v. Ingersoll–Rand Company,* 834 S.W.2d 192, 193 (Mo. banc 1992). However, that presumption is of no assistance to Plaintiff in this case. Plaintiff concedes that he does not contend that Brian would have heeded any warning. Moreover, those who were in a position to control Brian's use of the vehicle had already decided that Brian was not to be permitted to ride it. Brian's father specifically forbade him from riding any motorized vehicle under threat of discipline and Mr. and Mrs. Voyles had a firm rule, communicated to both Eddie and Brian, that Brian was not to drive or ride on the ATV. Inasmuch as the purpose of the warnings was to communicate that the ATV was not suitable for someone of Brian's age and those in authority had already

reached and acted upon their conclusion that Brian should not be permitted to use it under any circumstances, the warning was effectively already being heeded but it did not prevent the accident. Likewise, Plaintiff presented no evidence that the warning would have imparted any information likely to influence Eddie's behavior. He had already been instructed that Brian was not to operate the ATV and disregarded it. In short, on this record, there is no basis for concluding that additional warnings would have altered the behavior of anyone involved in the accident. Plaintiff's own evidence refutes the presumption.

Plaintiff next contends that the testimony of his human factors expert, Dr. Karnes, provides a basis for a finding of proximate cause. The thrust of Dr. Karnes' opinion concerning causation is apparent from the following passage of his testimony:

I must admit, it's not my opinion, there being an age warning on this vehicle on the day of the accident, that would have dissuaded Brian from riding the vehicle, that's not my opinion. It is however my opinion he was fourteen years old. It is my opinion that had Honda acted appropriately, and provided age recommendations to parents and adults at the very beginning when these things first appeared on the marketplace, that we'd see an entirely different picture. You would not see children out riding these things. Parents would have made reasonable decisions with the safety of their own children. If they had been advised when these things when they first entered the marketplace fourteen years earlier, that we wouldn't have the same situation that we have with Brian riding it.

Plaintiff also draws our attention to the following passage:

And further, it is my opinion in that regard that the cause of the accident was in the case, the plaintiff, the youthful rider was inappropriate age, his lack of formal training and his ignorance and other people's ignorance.

In other words, owner of the machine, ignorance of the hazard created, the foreseeable use of the ATV's.

This testimony might conceivably be of some probative value if Plaintiff had presented evidence that Eddie's or Brian's parents had mistakenly concluded that it was safe and appropriate for Brian to drive the ATV and authorized his use of it on the date in question. But that is not the case. Both Brian's and Eddie's parents had already concluded that Brian was not to drive or ride on the ATV under any circumstances and had issued specific and unequivocal instructions to that effect to both Brian and Eddie. There was no evidence that a greater appreciation of the danger involved would have prompted any of the parents to take any different action with regard to Brian's use of the vehicle. They had clearly and specifically prohibited Brian from using it, which is precisely what Dr. Karnes maintained the additional warnings he recommended should have prompted them to do. Thus, Dr. Karnes' testimony does not provide a basis for a finding of proximate cause.

In his brief, however, Plaintiff suggests that the jury could have concluded that adequate warnings would have caused Eddie's parents to conclude that it was too dangerous for *Eddie* to ride it, which in turn would have prevented Eddie from allowing Brian to ride it, thus preventing his injuries. Assuming *arguendo* that this "for want of a nail" approach would satisfy Missouri's standard for proximate cause, Dr. Karnes' testimony does not support it. Although Dr. Karnes never clearly endorsed a specific age limit, the highest age restriction we find in the evidence was that ATV's are not suitable for children under 16 years old. Eddie was 16 years old at the time of the accident, so even the most restrictive age limitation would not have applied to him. Dr. Karnes proffered no criticism of Mr. and Mrs. Voyles' decision to allow Eddie to ride the vehicle and conceded that he could not predict response or compliance with a warning by specific individuals. In any event, both Mr. and Mrs.

Voyles testified concerning the likelihood that additional warnings would have influenced their conduct, which would control over any inference from Dr. Karnes' testimony.

This brings us to the testimony of Mrs. Voyles, who was called by Plaintiff as part of his rebuttal case. On direct examination, Plaintiff's counsel showed Mrs. Voyles the type of warning Plaintiff maintains Honda should have given and asked her "... if you would have had these kinds of warnings available to you, back in 1987, would you have let Eddie ride the three wheeler?" Mrs. Voyles replied that she would not, even though he had already turned sixteen. Mrs. Voyles further testified that, following the accident, she had locked up the key for good and Eddie was never again permitted to ride it. Plaintiff urges that this evidence made a submissible case on the issue of whether the warnings Plaintiff maintains Honda should have given would have prevented the accident. We disagree.

The principal difficulty with Plaintiff's argument is that it ignores the balance of Mrs. Voyles' testimony, which precludes the inference Plaintiff seeks to draw. Mrs. Voyles also testified that, although she knew that Eddie could be hurt if he used the vehicle in certain ways, she had no recollection of having examined the safety warnings that were on the vehicle.[3] Further, Mrs. Voyles testified that because her husband had purchased the vehicle primarily for his and Eddie's use, he knew much more about it than she did, maintained it and rode it more than she did, she would defer to him regarding its use. Thus, Mrs. Voyles testified, if he told her it was okay or he had decided it was okay for Eddie to ride, she would follow his advice because he knew more about it.[4]

There are two possible interpretations of Mrs. Voyles' testimony, neither of which

---

**3.** The safety sticker on the vehicle included, *inter alia*, a reminder to always wear a helmet. Eddie testified that, although they had purchased two helmets along with the vehicle, they stopped using them shortly thereafter.

**4.** Mr. Voyles had previously testified in Defendant's case that Mrs. Voyles left the decision about whether it was safe to use the vehicle up to him. Further, Mr. Voyles testified that, had he reviewed the warnings Plaintiff claimed Honda should have given, he would still have permitted Eddie to ride it because he considered it to be a matter of individual judgment and he felt Eddie was mature enough to handle the vehicle safely.

makes a submissible case on the issue of causation. The first is that her testimony is contradictory in that she testified both that she would not have permitted Eddie to drive the ATV if she knew about the dangers and that she would have left the determination to her husband (who said he would have allowed him to use the ATV even if he had reviewed the additional warnings Plaintiff claims were necessary). This interpretation does not make a submissible case because testimony which supports two inconsistent and contradictory factual inferences as to ultimate and determinative facts necessarily relegates liability to the realm of speculation, conjecture and surmise. *Eidson*, 863 S.W.2d at 626.

The second and more plausible interpretation is that both statements are true. *If* Mrs. Voyles had examined, understood and appreciated the warnings Plaintiff claims should have been on the vehicle, she might well have decided it was unsafe for Eddie to operate it and denied him permission to do so. But there is no evidence to support the additional essential inference that she would have examined the additional warnings if they had been given. This is because Mrs. Voyles testified unequivocally and without contradiction that she relied on her husband to make determinations as to whether it was safe for Eddie to ride the ATV. Mr. Voyles said that additional warnings wouldn't have changed his mind. Even if his testimony is disregarded, however, the fact remains that Mr. Voyles, not Honda, was Mrs. Voyles' source of safety information about the vehicle. The decision had been delegated to him. We find nothing in the evidence which suggests any course of conduct on Honda's part that conceivably could have changed that situation. As noted above, despite her awareness that Eddie could be hurt if he used the ATV improperly, Mrs. Voyles had no recollection of examining the safety information that Honda had placed on the ATV. She had no reason to examine it because her husband knew much more about the vehicle than she did and she had decided to defer to his judgment. Thus, there is no evidentiary support for the inference that additional warnings would have altered Mrs. Voyles' (and thus Eddie's and Brian's) conduct on the date in question. Therefore, Mrs. Voyles' testimony does not establish a submissible case on the issue of causation and the trial court properly granted Honda's motion for JNOV on Plaintiff's failure to warn and negligence claims.

Aside from the issue of the inconsistency between the verdict in Honda's favor on the defect claim and the negligence submission of failure to distribute a "reasonably safe" vehicle, discussed *supra*, the balance of Plaintiff's points of error pertain to the trial court's alternative ruling on Honda's motion for new trial. In view of our determination that the trial court properly granted Honda's motion for JNOV, we need not address these points. Accordingly, we affirm the judgment of the trial court.

CRANDALL and DOWD, JJ., concur.