# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No.  98-1273

_____

| | |
|---|---|
| Wesley Joseph Nelson, Jr.; Mildred Anne Nelson, | * |
| | * |
| | *  Appeal from the United States |
| Plaintiffs-Appellants, | *  District Court for the |
| | *  Western District of Missouri. |
| v. | * |
| | * |
| Ford Motor Company, | * |
| | * |
| Defendant-Appellee. | * |

_____

Submitted: June 12, 1998.
Filed: July 29, 1998

_____

Before WOLLMAN and MURPHY, Circuit Judges, and DOTY, District Judge[1].

_____

MURPHY, District Judge.

Wesley and Mildred Nelson appeal from the judgment in favor of Ford Motor Company and the denial of their motion for a new trial in this products liability case. After Wesley was injured while using the scissor jack provided with his 1991 Lincoln Town Car, the Nelsons sued Ford for a defective product and the failure to warn.  They

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota, sitting by designation.

argue that the district court[2] erred in dismissing their failure to warn claim, in giving an incorrect verdict director, and in making certain evidentiary rulings.  We affirm.

On February 5, 1995, Wesley Nelson wanted to change a flat tire on his Town Car which was parked in the garage.  He took out the scissor jack provided with the car and used it to raise the wheel area.  Instructions on how to operate the jack had been supplied in the owner's manual which included a warning to disable the car's air suspension system before using the jack.  A similar warning was printed near the air suspension switch in the trunk, on the spare tire cover, and on the jack.  Wesley testified that he knew how to operate a jack based on his experience and so he went forward without reading the instructions or disabling the air system.  He positioned the jack "by feel" rather than by looking for the notch on the underbody which had been provided to guide the location of the jack.  He then partially raised the jack before loosening the lug nuts, and the car began to fall back off the jack.  The wheel well struck him on the right forearm, pushing him to the ground.  He later developed physical symptoms which he attributed to the incident, including a strained lower back, a bulging disc, a pinched sciatic nerve, and an increase in blood pressure.

The Nelsons alleged that the jack was defective in that it could not support the weight of the car and that Ford failed to warn adequately of the need to disable the air suspension system prior to jacking the car.  The district court dismissed the failure to warn claim before the case went to the jury on the ground that the Nelsons had not produced sufficient evidence to support a verdict in their favor.  The claim that the jack was defective was submitted to the jury which found in favor of Ford.  The Nelsons moved for a new trial, raising essentially the same points as on this appeal.  The district court considered all the points raised in its detailed order denying the motion.

---

[2]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

The Nelsons argue that the district court erred by excluding their expert testimony on the adequacy of the warnings Ford provided and by dismissing their failure to warn claim. Since the Nelsons' expert did not express an opinion on the adequacy of the warnings in his deposition or in the report required under Fed. R. Civ. P. 26(a)(2), he was not permitted to offer such an opinion at trial. Fed. R. Civ. P. 37(c)(1). The record also indicates that the expert admitted that he had not talked with Wesley Nelson or read his deposition, had not examined the Nelson car or photographs of it or other Town Cars, was unfamiliar with the content of the warnings provided by Ford, and had not designed warnings or referred to any authorities on the adequacy of warnings. Since the Nelsons failed to produce any admissible evidence to support the failure to warn claim, its dismissal was appropriate. Pestel v. Vermeer Mfg. Co., 64 F.3d 382, 383-84 (8th Cir. 1995) Moreover, Wesley Nelson testified that he had not consulted the existing warnings because he thought he knew how to use the jack properly, and it was not shown that modified or additional warnings would likely have prevented the accident. Klugesherz v. American Honda Motor Co., Inc., 929 S.W.2d 811, 814 (Mo. App. E.D. 1996).

The Nelsons also claim the district court erred by using Ford's verdict directing jury instruction. The challenged instruction permitted the jury to consider certain evidence on the issue of comparative fault, including Wesley's failure to disable the air suspension system and loosen the lug nuts before jacking up the car. The Nelsons argue that there was no evidence that those acts caused the jack to fail, but they did not object to the verdict director at trial. The district court instructed on comparative fault only after the Nelsons refused to agree to Ford's request to withdraw the issue. The Nelsons neither made a timely objection nor proposed an alternative instruction, and we therefore review only for plain error. Fed. R. Civ. P. 51; Kehoe v. Anheuser-Busch, Inc., 96 F.3d 1095, 1104 (8th Cir. 1996). After reviewing the record and considering the instructions as a whole, we find no plain error.

Among the evidentiary issues the Nelsons raise is their argument that the district court erred in admitting expert testimony offered by Ford. The Nelsons contend evidence of tests done on an exemplar jack should have been excluded since its chemical composition was not identical to that of the jack used by Wesley Nelson. There was evidence that the higher carbon content of the exemplar jack did not cause a significant difference in strength compared to the Nelson jack, and the district court did not abuse its discretion in admitting evidence of the tests with the exemplar jack. The Nelsons assert that the district court also erred by admitting testimony that there were no scratches in the notch where the jack was to be placed and that there was a tear elsewhere on the underbody of the car, indicating that the jack had been mispositioned. They contend that Ford's expert conceded in his deposition that it was not possible to state with absolute certainty that the jack had been incorrectly placed, but any uncertainty in the expert's opinion was a factor the jury could consider in weighing his testimony. Orth v. Emerson Elec. Co., White-Rogers Division, 980 F.2d 632, 637 (10th Cir. 1992). His testimony that the absence of markings in the notch where the jack would have properly fit was not inconsistent with other evidence at trial, and the district court did not abuse its discretion by admitting it.

The Nelsons also argue that the district court erred in preventing them from deposing and offering testimony by witnesses with knowledge of other scissor jack failures. The Nelsons were not diligent in obtaining this testimony, and they failed to depose the potential witnesses within the original twelve month discovery period or during an eighty day extension granted by the court. Instead, they sought to depose two witnesses only weeks before trial and six months after the close of discovery. The court declined to permit the depositions at that stage and excluded the testimony of two witnesses who had not been deposed but were called at the time of trial. One of these witnesses would have described how his jack failed when a screw rod pushed out of it, and the court concluded that this incident was not sufficiently similar to the Nelson experience to have probative value. The other witness was prepared to testify his jack had collapsed when he removed the spare tire while the jack was already in place. The

-4-

district court did not abuse its discretion in determining that the probative value of this single incident would have been outweighed by its prejudicial impact. <u>Drabik v. Stanley-Bostitch, Inc.</u>, 997 F.2d 496, 508-09 (8th Cir. 1993).

After thoroughly reviewing the record, we find no error by the district court in dismissing the Nelson's failure to warn claim, in its jury instructions, or in the evidentiary rulings objected to by the Nelsons. The judgment of the district court is affirmed.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.