In re: **MARRIAGE OF Sharon Briem BULLARD, n/k/a Sharon Briem and Steven S. Bullard.**

**Sharon Briem Bullard, Petitioner/Respondent,**

v.

**Steven S. Bullard, Respondent/Appellant.**

No. **ED 76310.**

Missouri Court of Appeals, Eastern District, Division Two.

May 16, 2000.

...

Deborah Benoit, Kruger & Beniot, L.L.C., St. Louis, for appellant.

Edward C. Cody, Klutho, Cody & Kilo, P.C., St. Louis, for respondent.

Before KATHIANNE KNAUP CRANE, P.J., ROBERT G. DOWD, Jr., J. and SHERRI B. SULLIVAN, J.

PER CURIAM.

In this dissolution action husband appeals from a judgment entered after a remand with directions to compute and award child support and retroactive child support and to determine if wife had been credited with a statutory exemption. He contends that the judgment goes beyond the scope of the remand because, in addition to making the awards of child support and retroactive child support, it valued and redistributed marital property, made new orders concerning marital debt, and entered a net judgment in wife's favor of $90,197.96. We agree that these provisions are beyond the scope of remand and are null and void. We reverse those portions of the decree which exceed the scope of remand and remand with directions.

Husband also challenges the use of seven-year-old income figures to calculate the amount of income imputed to him for calculation of child support. Because he did not submit a Form 14, he did not preserve this issue for appeal.

### PROCEDURAL HISTORY

Husband, Steven S. Bullard, and wife, Sharon Briem Bullard, n/k/a Sharon Briem, were married on August 10, 1981. One child, Matthew Scott Bullard, was born of the marriage on April 1, 1985, and was a minor at the time of dissolution.

This is the third appeal in this case. The trial court entered its initial dissolution decree on March 1, 1995. We affirmed in part and reversed and remanded in part. *Bullard v. Bullard*, 929 S.W.2d 942 (Mo.App. E.D.1996) [*Bullard I*]. We reversed the provisions of the decree awarding husband maintenance and instructed the trial court to award no maintenance to husband on remand. *Id.* at 945. We reversed the provision denying child support and remanded that issue to the trial court with instructions. We remanded for a redivision of marital property, since the trial court's division included items which were not marital property. However, we rejected wife's claims that the trial court erred in not giving mone-

tary value to all items of marital property or in failing to consider the relevant factors required by Section 452.330 RSMo (1994). *Id.* at 945–46.

The trial court conducted a hearing on remand and entered an amended judgment and decree of dissolution on January 28, 1997. It denied husband maintenance as instructed, and found that wife had paid husband $8,250.00 in maintenance after the original decree. It divided the marital property and awarded wife $62,375.00 and property of unknown value and awarded husband $47,297.00 and property of unknown value. It also ordered wife to pay to husband $18,506.00 as an additional share of marital property, but reduced this amount by the $8,250.00 which wife had paid husband as maintenance, resulting in a net payment of $10,256.00. It did not order child support.

Wife appealed on multiple grounds. On appeal we reversed the provision of the decree denying child support and remanded for the trial court to enter judgment ordering husband to pay child support to wife in an amount to be determined after imputing income to husband taking into account husband's "education, recent work history, occupational qualifications, earnings history when employed, and prevailing job opportunities." *Bullard v. Bullard*, 969 S.W.2d 880, 883 (Mo.App. E.D. 1998) [*Bullard II*]. We also instructed the trial court to award retroactive child support in conformity with Section 452.340 RSMo (1994). *Id.* at 884. We further remanded for the trial court to determine if wife had been credited for statutory exemptions, and if not, to so credit her. *Id.* at 885.

Wife also challenged the trial court's division of property, claiming that the trial court had failed to properly apply Section 452.330, that it had failed to assign values to all of the property, failed to consider husband's misconduct, and had no basis for finding wife depleted marital assets. We

denied these claims and affirmed the remaining portions of the decree.

After remand from *Bullard* II, a new trial judge was assigned to the case who conducted a trial on January 28, 1999. Husband appeared pro se. At trial the trial judge announced that under the mandate he was only going to consider the issues of child support, retroactive child support, and the statutory exception. The court limited evidence to these issues and denied wife's oral request for a net judgment and oral motion for judgment. At the conclusion of the testimony, the court said it was its intention to rule on only three issues: child support, retroactive child support, and the exemption. It invited the parties to submit proposed findings and conclusions on these issues. Wife filed a proposed second amended judgment.

On March 10, 1999 the trial court entered a second amended judgment and decree of dissolution. In accord with the mandate, the trial court found husband's monthly child support obligation under Rule 88.01 was $525.18 from May, 1992 through December, 1996, $503.81 from January, 1997 through January, 1999, and $580.00 thereafter. The court awarded wife retroactive child support of $63,900.33 and prospective child support of $580.00 per month. However, the trial court did not make findings or an order with respect to the statutory exemption.

Further, the second amended judgment addressed matters which were not covered by the mandate and which had been determined differently in the prior judgments and affirmed. The second amended judgment contained new findings with respect to marital property and the parties' financial obligations to each other. The court gave values to the Lake St. Louis property and the MCI stock. It awarded all of the MCI stock to wife, with a credit for one-half the value to husband to be offset against his child support obligation. It showed a total award of $72,270.00 in marital property to wife and $93,343.00 in marital property to husband. It gave wife a credit of $2,214.63 which was the amount husband had garnished from wife's account in partial satisfaction of the $10,256.00 judgment the trial court had awarded him as an additional share of marital property in the amended decree. The court also made findings with respect to each party's payments of marital debt and awarded wife a credit of $8,441.00 for her payments of marital debt and ordered the parties to pay one-half of the balance of the debt.

After making these findings and awards, the court then computed a net judgment as follows:

35. The Court, after deducting the credits set forth above, to wit:

| | |
|---|---|
| Maintenance paid by Wife and later reversed on appeal. (Paragraph 20) | $ 8,250.00 |
| Funds garnished by Husband From bank account of Wife. (Paragraph 21) | $ 2,214.63 |
| Retroactive Child Support to be paid by Husband to Wife. (Paragraph 29) | $ 63,900.33 |
| Difference in Value of Property Awarded to Husband and Wife. (Paragraph 32) | $ 21,073.00 |
| Credit card payments made by Wife above and beyond those made by Husband. (Paragraph 33) | $ 8,441.00 |
| Total Credits due Wife: | $103,878.96 |

from the value of the shares of MCI Communications stock Wife is required to pay to Husband ($9,896), plus interest thereon, for a total sum due Husband of $13,681, Wife is entitled to, and is hereby awarded against Husband a net Judgment of $90,197.96.

36. This Judgment in favor of Wife is a net Judgment and because credit has been given to Husband for the value of the MCI Communications stock, the MCI Communications stock shall remain the property of Wife.

## DISCUSSION

### I. *Scope of Second Amended Judgment*

■ For his first point husband contends that the trial court erred in making

the determinations set out above regarding the division of property and debt and in awarding wife a net judgment of $90,197.96. Husband argues that the trial court lacked the power to make this award because it was beyond the scope of the mandate and opinion. Further, wife had not filed a written motion for judgment to bring the property matters before the trial court and the trial court denied her oral motion for judgment.

Where a case is reversed and remanded, the rulings of the higher court become the law of the case. *Feinstein v. McGuire*, 312 S.W.2d 20, 23 (Mo.1958).

> The general rule is that the decision of an appellate court is the law of the case on all points presented and decided and remains the law of the case throughout all subsequent proceedings, both in the trial and appellate courts, and no question involved and decided in the first appeal of the cause will be considered on a second appeal, and on a retrial should not be considered by the trial court.

*Id.* Where the judgment of the trial court has definitely determined the rights of the parties and has been affirmed, "any subsequent orders or adjudications in the cause must be confined to those necessary to execute the judgment.'" *Papin v. Papin*, 475 S.W.2d 73, 76 (Mo.1972) (quoting 5B CJS *Appeal and Error* Section 1977 p. 614).

When a case is remanded with directions, the trial court is bound to render judgment in conformity with the appellate court's mandate. *Morrison v. Caspersen*, 339 S.W.2d 790, 792 (Mo.1960); *Pemberton v. Pemberton*, 779 S.W.2d 8, 10 (Mo.App.1989). *See also Pinkston v. Ellington*, 845 S.W.2d 627, 629 (Mo.App.1992) (contrasting a remand with directions from a general remand). The trial court does not have the power to open the cause and have a new trial on the issues determined in the opinion. *Feinstein*, 312 S.W.2d at

23. The trial court is without power to modify, alter, amend or otherwise depart from the appellate mandate and its proceedings contrary to the directions of the mandate are null and void. *Morrison*, 339 S.W.2d at 792.

The directions on remand were limited to 1) a determination of whether wife was credited with her statutory exemptions, totaling $1,100.00, 2) a determination of current child support, and 3) a determination of retroactive child support. All provisions in the judgment relating to the valuation and division of marital property, restitution of maintenance, and allocation of debt had been affirmed and were not subject to reopening or redetermination on remand. However, the trial court's second amended judgment did redetermine these issues on remand. It valued marital property which had not been previously valued. It awarded all of the MCI stock to wife, which had previously been awarded one-half to each party.[1]

In addition, the trial court found wife owned a lesser number of MCI shares than had previously been determined. It took away the $10,256.00 cash award to husband and gave wife a $21,073.00 cash award instead. It gave wife a credit against husband for the amount garnished on the $10,256.00 award. It gave wife a credit for the $8,250.00 maintenance she had paid, when this amount had been previously credited against the cash award to husband. It made new findings and awards with respect to marital debt. Accordingly, except for the provisions determining the child support and the provisions which merely reincorporate the prior judgment, the written second amended judgment and decree exceeded the authority of the trial court on remand.

## 2. Child Support

In his second point husband contends that the trial court erred in deter-

---

1. This award also is inconsistent with the trial court's grant on March 10, 1999 of husband's previously filed motion for a judgment which retitled one-half of the MCI stock in husband's name.

mining child support because it relied on information that was several years out of date. The record does not disclose that husband submitted a Form 14. A party must have submitted a completed Form 14 in order to preserve for appellate review a claim of error in the determination of child support. *Mills v. Mills*, 939 S.W.2d 72, 75 (Mo.App.1997). Because husband failed to file a Form 14 stating his income and expenses, he has not preserved his claim for review. This point is denied.

*Conclusion*

We declare null and void paragraphs 19–23 and 32–36 of the second amended judgment and reverse all awards of money and property made therein.

As a result of this opinion, the judgment in this case consists of:

1) All provisions of the original judgment dated March 1, 1995 and the amended judgment dated January 28, 1997 which were not appealed or which have been affirmed on appeal.

2) Paragraphs 11–18 and 29 and 30 of the second amended judgment.

3) The March 10, 1999 order sustaining husband's motion for judgment.

The only undecided issue that remains in this case is whether wife is entitled to a statutory exemption as set forth in our opinion and remand in *Bullard* II, 969 S.W.2d at 884. We remand with directions to determine only that issue. If wife is entitled to an exemption, the trial court may offset that amount from the $10,-256.00 wife was ordered to pay husband as an additional share of marital property.

As set out above, the second amended judgment is reversed in part, affirmed in part, and remanded with directions.