**Bogdon HIBLOVIC and Helen Hiblovic, Plaintiffs/Appellants,**

v.

**CINCO–T.C., INC., Defendant/Respondent.**

**No. ED 77401.**

Missouri Court of Appeals, Eastern District, Division Two.

April 10, 2001.

Ray A. Gerritzen, St. Louis, MO, for appellants.

J. Vincent Keady, Jr., Clayton, MO, for respondent.

Before AHRENS, P.J., CRANDALL and JAMES R. DOWD, JJ.

PER CURIAM.

In this court-tried case involving a contract for the sale of a residential lot and construction of a home, plaintiffs, Bogdon Hiblovic and Helen Hiblovic, appeal from the judgment entered in favor of defendant, Cinco—T.C., Inc., on plaintiffs' claim and on defendant's counter-claim. We reverse and remand.

Plaintiffs and defendant entered into a contract where plaintiffs would purchase from defendant a residential lot and defendant would construct a home on the lot. Disputes arose between the parties regarding the lot's condition and the home's construction. Plaintiffs notified defendant of their intent to rescind the contract and refused to close. Defendant eventually sold the lot and home to another party.

Plaintiffs brought an action alleging that defendant breached the contract by placing the house at least ten feet farther back from the street than was designated, planned and platted, and causing and permitting a "failed foundation wall." Plaintiffs also alleged that during construction a concrete mixer truck fell against the building thereby causing the foundation wall to fail. Plaintiffs further alleged that defendant refused to take the steps recommended "to render the wall more structurally sound," in a report by an engineer they hired. Defendant answered and raised accord and satisfaction as one of its affirmative defenses. Defendant also counter-claimed for breach of contract.

Defendant filed a motion for partial summary judgment alleging, among other things, that after noticing cracks in the foundation wall and having the cracks inspected by an engineer, plaintiffs wanted to rescind the contract. In the motion, defendant concluded that there was an accord and satisfaction of plaintiffs' claim regarding the foundation wall. After plaintiffs filed a response, the trial court granted defendant's motion for partial summary judgment.[1]

A trial was conducted on the remaining issues. The trial court entered judgment in favor of defendant on plaintiffs' claim and for defendant on its counter-claim. The court awarded defendant damages of $23,310.09. Plaintiffs appeal, raising six points with numerous sub-points.

Plaintiffs argue in their first point that the trial court erred in granting partial summary judgment. Plaintiffs contend that every fact in defendant's summary judgment motion was disputed. Plaintiffs also contend that "under the evidence" there was no accord and satisfaction because settlement offers are not admissible into evidence and plaintiffs never accepted the failed foundation wall.

The party moving for summary judgment "bears the burden of establishing a right to judgment as a matter of law on the record as submitted; any evidence in the record that presents a genuine dispute as to the material facts defeats the movant's prima facie showing." *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 382 (Mo. banc 1993). In a motion for summary judgment, a movant "shall state with particularity in separately numbered paragraphs each material fact as to which the movant claims there is no genuine issue...." Rule 74.04(c)(1). The non-mov-

---

1. In a later filed amended petition, plaintiffs' additional allegations included that defendant failed to properly grade the lot and in an attempt to alleviate the problem with drainage and the backyard, defendant "made another feeble attempt to erect a makeshift retaining wall."

ant's response to a summary judgment motion "shall admit or deny each of movant's factual statements in numbered paragraphs that correspond to movant's numbered paragraphs, shall state the reason for each denial, shall set out each additional material fact that remains in dispute, and shall support each factual statement asserted in the response with specific references to where each such fact appears in the pleadings, discovery or affidavits." Rule 74.04(c)(2). When considering appeals from summary judgment, we review the record in the light most favorable to the non-movant, and give that party the benefit of all reasonable inferences. *ITT Commercial Finance Corp.*, 854 S.W.2d at 376.

■ An accord is an agreement for the settlement of a previously existing claim by a substituted performance. *Edgewater Health Care, Inc. v. Health Systems Management, Inc.*, 752 S.W.2d 860, 868 (Mo.App.1988). Satisfaction is the performance of the agreement. *Id.* An accord and satisfaction requires both the accord and satisfaction. *Bestor v. American National Stores, Inc.*, 691 S.W.2d 384, 389 (Mo.App.1985). Whether an accord and satisfaction has been reached is generally a question of fact. *Cranor v. Jones Co.*, 921 S.W.2d 76, 81 (Mo.App. E.D.1996) (considering motions for directed verdict and judgment notwithstanding the verdict).

Defendant alleged in its partial summary judgment motion that: (1) plaintiffs and defendant entered into a contract for the sale of real property and the construction of a home; (2) plaintiffs noticed cracks in the foundation wall and claimed that the foundation had failed; (3) plaintiffs had the cracks inspected by an engineer hired by plaintiffs' attorney; (4) "based on the foregoing," plaintiffs wanted to rescind the contract; (5) defendant offered a settlement of the claim whereby plaintiffs would not rescind the contract and in exchange they would receive an additional warranty on the foundation and a retaining wall at no charge; (6) defendant repaired the foundation wall; (7) plaintiffs negotiated language for and defendant extended an additional warranty for the foundation; (8) plaintiffs accepted the additional warranty; (9) thereafter plaintiffs instructed defendant to continue building the house to their specifications; and (10) defendant built the retaining wall at no charge. Finally, defendant concluded that the foregoing allegations demonstrated an accord and satisfaction of plaintiffs' claim involving the foundation of the house.

■ We first address defendant's allegation that it repaired the foundation wall. In its motion, defendant relied on Helen Hiblovic's deposition. She answered affirmatively when asked whether defendant's president, Gerald Miller, indicated he was going to repair the foundation wall. She also answered that "toward the end, yes," when asked whether defendant did "do some repairs to the foundation wall." Performing some repairs to the foundation wall, however, does not establish as a matter of law that the foundation wall was repaired. Furthermore, plaintiffs set forth portions of the record that showed that the wall had not been repaired according to all the recommendations of the engineer. There is a genuine dispute as to whether defendant repaired the foundation wall. In addition, defendant set forth as a material fact, in a separately numbered paragraph, that it repaired the foundation wall. Moreover, defendant stated after this allegation and the nine others that the "foregoing constitutes an accord and satisfaction of Plaintiffs' claims involving the foundation of the house."

■ Defendant next alleged it built a retaining wall at no charge. In addition to

requesting changes to the foundation warranty, plaintiffs in a March 4, 1997 letter to Miller, requested that the retaining wall be built with natural boulders. A change order dated March 11, 1997 and signed by Bogdon and Helen Hiblovic, provided that the retaining wall would be built with natural boulders at no charge. In her deposition, Helen Hiblovic stated no when asked whether she was charged for the retaining wall. Plaintiffs denied this allegation stating that "Defendant, at best, put some large rocks in the ground, which in no way constituted a retaining wall, and which allowed for erosion and seepage of silt, dirt, and mud...." Review of the record reflects that there exists a genuine dispute as to whether defendant built an adequate retaining wall.[2] Furthermore, this is a material fact because it relates to whether defendant performed the accord.

There are genuine issues of material fact as to whether there was an accord and satisfaction for plaintiffs' claim regarding the foundation of the house. Plaintiffs' first point is granted.

Plaintiffs argue in their second point that the trial court erred in "failing to accept" at trial their evidence regarding the foundation wall. Defendant contends that the trial court properly excluded evidence regarding the foundation wall because of the court's ruling on the partial summary judgment motion. Given our holding for plaintiffs' first point, their second point is granted.

Plaintiffs' remaining points fail to comply with Rule 84.04(d)(e). We have, however, considered them and find them without merit. The points are summarily denied.

2. Review of the record reveals that there is no genuine dispute as to defendant's eight remaining allegations.

The judgment is reversed and remanded for further proceedings consistent with this opinion.