Bogdon and Helen **HIBLOVIC**, Plaintiffs/Respondents/Cross–Appellants,

v.

**CINCO–T.C., INC.**, Defendant/Appellant/Cross–Respondent.

No. ED 84513.

Missouri Court of Appeals, Eastern District, Division One.

April 12, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 30, 2005.

Application for Transfer Denied Aug. 30, 2005.

Joseph Vincent Keady Jr., Clayton, MO, for Appellant.

Ray A Gerritzen, St. Louis, MO, for Respondent.

Before GARY M. GAERTNER, SR., P.J., SHERRI B. SULLIVAN, J., and KATHIANNE KNAUP CRANE, J.

SHERRI B. SULLIVAN, J.

Cinco–T.C., Inc. (Appellant) appeals from the trial court's amended judgment entered in favor of Bogdon and Helen Hiblovic (Respondents) in part. Respondents cross-appeal from the amended judgment entered in favor of Appellant in part. We reverse in part and affirm in part.

*Factual and Procedural Background*

The parties entered into a contract for the sale of a residential lot and construction of a house by Appellant. The sale was to close after completion of the house, and the contract stated that the house shall be "deemed completed at such time that it is ready for occupancy." On April 28, 1997, St. Louis County issued its occupancy permit deeming the house ready for occupancy. The contract required Respondents to close even if certain items remained incomplete, so long as they did not "prevent comfortable occupancy" of the house. The house was ready for comfortable occupancy at the time of the scheduled closing on May 1, 1997.

During the course of construction, Respondents noticed cracks in the foundation and reported to Appellant that the foundation had "failed." Appellant allowed Respondents to inspect the foundation with an engineer hired by their attorney. Respondents wanted to rescind the contract. Appellant offered a settlement of the claim whereby if Respondents did not rescind the contract because of the alleged failed foundation, Respondents would receive an additional warranty on the foundation and a retaining wall at no charge. Respondents accepted the offer and negotiated language for the warranty. Appellant provided the negotiated warranty and constructed the retaining wall at no charge. Respondents participated in finishing construction of the house by requesting revisions to the plans and selecting particular color patterns and floor coverings.

Nevertheless, Respondents refused to close and informed Appellant of their intent to rescind the contract. Respondents' first amended petition requested rescission of the contract for the following reasons: (1) problems with the foundation of the house; (2) the house was ten feet further back from the street than platted; (3) poor construction of the retaining wall in the backyard; and (4) the lot was improperly graded. In addition to its answer and affirmative defenses, Appellant filed a counterclaim alleging breach of contract because Respondents refused to close.

Prior to the initial trial, the trial court granted Appellant's motion for summary judgment regarding the alleged problems with the foundation wall. After trial, the trial court ruled in favor of Appellant on (1) the placement of the house in relation to the street; (2) the construction of the retaining wall; (3) the grading of the lot;

and (4) whether Respondents were required to close.

Respondents appealed and challenged all of the trial court's findings including the summary judgment. Respondents alleged in part that the trial court erred in failing to grant judgment for Respondents because Appellant agreed to construct the retaining wall at the rear of the property, but failed to do so prior to May 1, 1997 closing date.

We reversed the trial court's summary judgment because we found that a genuine dispute of fact existed as to whether Appellant had built an adequate retaining wall. *Hiblovic v. Cinco–T.C., Inc.*, 40 S.W.3d 921, 924 (Mo.App. E.D.2001). We found, however, that Respondents' remaining points failed to comply with Rule 84.04(d)(e), but considered them anyway and found them to be without merit. *Id.* Thereafter, we issued our mandate directing the trial court to conduct further proceedings in accordance with our opinion.

The trial court set the matter for a second trial on November 18, 2003. During trial, the parties stipulated to the receipt into evidence of the transcript and all exhibits filed in the first trial, including all materials filed in support of Appellant's motion for summary judgment.

At the conclusion of trial, the trial court entered judgment in favor of Respondents, finding that Appellant did not build an adequate retaining wall and the foundation wall was in jeopardy of failure. Appellant timely filed a motion to amend judgment or in the alternative, for new trial. The trial court granted Appellant's motion to amend in part, reversing its decision regarding the foundation wall and finding in favor of Appellant on that issue based on accord and satisfaction. This appeal follows.

## Standard of Review

■ The judgment of the trial court should be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc.1976).

## Points on Appeal

Appellant presents two points on appeal. In its first point, Appellant contends that the trial court erred by entering judgment indicating that the retaining wall was not adequately built because its findings were subject to the law of the case. In its second point, Appellant maintains that the trial court erred by entering judgment that the retaining wall was not adequately built because it was against the weight of the evidence and/or the court erroneously declared or applied the law in that the wall was built in accordance with the underlying contract.

## Discussion

■ Where a case is reversed and remanded, the rulings of the higher court become the law of the case. *In re Marriage of Bullard*, 18 S.W.3d 134, 138 (Mo. App. E.D.2000), quoting *Feinstein v. McGuire*, 312 S.W.2d 20, 23 (Mo.1958), as follows:

> The general rule is that the decision of an appellate court is the law of the case on all points presented and decided and remains the law of the case throughout all subsequent proceedings, both in the trial and appellate courts, and no question involved and decided in the first appeal of the cause will be considered on a second appeal, and on a retrial should not be considered by the trial court.

■ In the instant case, we reversed only the trial court's judgment granting Appellant's partial motion for summary

judgment based upon the foundation wall, not the retaining wall. There is a sentence in our opinion that "Review of the record reflects that there exists a genuine dispute as to whether defendant built an adequate retaining wall." *Hiblovic,* 40 S.W.3d at 924. However, this sentence was contained in the discussion of Respondents' *first point on appeal,* which alleged error only with the trial court's granting partial summary judgment to Appellant based on the foundation wall. The rule is that the decision of an appellate court is the law of the case on all *points* presented and decided. *Bullard,* 18 S.W.3d at 138 (emphasis added). The only reason the retaining wall was mentioned at all in the discussion of the first point on appeal was to determine if it presented a genuine dispute as to whether or not summary judgment was appropriate based upon a theory of accord and satisfaction. As such, the trial court's ruling on the retaining wall was not disturbed by our opinion; especially in light of the fact that Respondents' remaining points on appeal were summarily denied. Point I is granted.

■ Appellant's second point is moot because the trial court should not have retried the retaining wall issue that it had decided in the first trial. *Bullard,* 18 S.W.3d at 138. Where the judgment of the trial court has definitely determined the rights of the parties and has been affirmed, "any subsequent orders or adjudications in the cause must be confined to those necessary to execute the judgment." *Bullard,* citing *Papin v. Papin,* 475 S.W.2d 73, 76 (Mo.1972) (quoting 5B CJS *Appeal and Error* Section (1977)). Point II is denied as moot.

### Point on Cross–Appeal

Respondents, as Cross–Appellants, contend that the trial court erred in failing to find that the foundation wall failed, thus granting sufficient basis for Respondents to revoke the contract.

### Discussion

■ When Appellant offered Respondents a settlement of the claim whereby if Respondents did not rescind the contract because of the alleged failed foundation, Respondents would receive an additional warranty on the foundation and a retaining wall at no charge, Respondents accepted the offer. Respondents further negotiated language for the warranty, and participated in finishing construction of the house by requesting revisions to the plans and selecting particular color patterns and floor coverings.

■ An accord is an agreement for the settlement of a previously existing claim by a substituted performance. *Hiblovic,* 40 S.W.3d at 923. Satisfaction is the performance of the agreement. *Id.* An accord and satisfaction requires both the accord and satisfaction. *Id.* Whether an accord and satisfaction has been reached is generally a question of fact. *Id.*

In the instant case the facts clearly show that the trial court was correct in finding that the parties reached an accord and satisfaction. Further, we agree with the trial court that Respondents also waived their right to rescind the contract by participating in finishing the construction of the house, encouraging Appellant to continue with the construction of the house, executing five different change orders and making color and floor selections for the house. There is a waiver of the right to rescind a building contract where the contract is treated, by the party having such right, as still in force. 17A C.J.S. *Contracts* Section 443 (1963).

Based on the foregoing, Respondents' point on appeal is denied.

The amended judgment of the trial court is reversed in part and affirmed in part, in accordance with the following specifications.

1) We reverse the provisions of the amended judgment finding in favor of Respondents with regard to the retaining wall. All provisions of the original judgment finding that the retaining wall was adequately built were affirmed by this Court in our prior decision in *Hiblovic v. Cinco–T.C., Inc.*, 40 S.W.3d 921, 924 (Mo. App. E.D.2001). Those provisions are thus law of the case. Any retrial of them is null and void. Those provisions of the original judgment stand.

2) All provisions of the amended judgment finding that the foundation wall did not fail, as a result of accord and satisfaction, stand. They are affirmed by this opinion.

GARY M. GAERTNER, SR., P.J., and KATHIANNE KNAUP CRANE, J., concur.