Damon STEELE, Individually and as Guardian and Next Friend of DJ Steele, A Minor, Respondents,

v.

EVENFLO COMPANY, INC., Spalding Sports Worldwide, Inc., and Patricia Mullins, Appellants.

No. ED 85977.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 1, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 7, 2005.

Ann Marie Macpherson Songer, John F. Murphy, Kansas City, MO, G. Keith Phoenix, Daniel E. Wilke, St. Louis, MO, Lawrence R. Smith, Gary P. Paul, Clayton, MO, for appellants.

Evan A. Douthit, Kansas City, MO, Stanley J. Goodkin, Clayton, MO, for respondents.

GEORGE W. DRAPER III, Judge.

Evenflo Company, Inc and Spalding Sports Worldwide (hereinafter and collectively, "Evenflo") appeal from the trial court's judgment reinstating the denial of its motion for judgment notwithstanding the verdict (hereinafter, "JNOV") and entering damages pursuant to the jury verdict in favor of Damon Steele (hereinafter, "Plaintiff"), as next friend and father of Denver John Steele (hereinafter, "DJ"). *See Steele v. Evenflo Company, Inc.*, 147 S.W.3d 781 (Mo.App. E.D.2004) (hereinafter, *"Evenflo I "*). The background to this action was detailed by this Court in its prior opinion. *Evenflo I*, 147 S.W.3d at 784–86. In *Evenflo I*, this Court reversed the trial court's grant of a new trial in favor of Evenflo and remanded the cause for reinstatement of the judgment in accordance with the jury's verdict. After the trial court reinstated the judgment, Evenflo brought this three point appeal, challenging the trial court's denial of its JNOV and entering damages in accordance with the jury's second verdict.[1] We affirm the trial court's reinstated judgment.

We will address Evenflo's first two points on appeal in tandem for clarity. In its first point on appeal, Evenflo argues the trial court erred in denying its motion for JNOV on Plaintiff's failure to warn and negligence per se claims based on label permanency. Second, Evenflo contends the trial court erred in denying its motion for JNOV on Plaintiff's failure to warn claims based upon the label's warning content. Specifically, Evenflo argues in both points there was insufficient evidence a permanent label was related causally to DJ's injuries or that the change in content of a permanent label would have altered the behavior of anyone involved in the accident. Evenflo contends in both of these points on appeal that only a new trial will rectify the improper submission.[2]

The standard of review of the trial court's denial of a motion for JNOV and directed verdict is essentially the same. *Maldonado v. Gateway Hotel Holdings, L.L.C.*, 154 S.W.3d 303, 307 (Mo.App. E.D.2003). Upon review, this Court must determine whether Plaintiff made a submissible case. *Id.* "[T]his Court takes the evidence in the light most favorable to the verdict, giving the prevailing party all reasonable inferences from the verdict and disregarding the unfavorable evidence." *Nemani v. St. Louis University*, 33 S.W.3d 184, 185 (Mo. banc 2000). When reasonable minds can differ on the questions before the jury, we will not disturb the jury's verdict and JNOV is not appropriate. *Echard v. Barnes–Jewish Hosp.*, 98 S.W.3d 558, 565 (Mo.App. E.D.2002). We "will reverse the jury's verdict for insufficient evidence only where there is a complete absence of probative fact to support the jury's conclusion." *Giddens v.*

---

1. Plaintiff filed two motions, both taken with the case. One of Plaintiff's motions seeks to strike the brief and dismiss the appeal of Patricia Mullins; the other motion seeks to strike the brief and dismiss the appeal of Evenflo. Both of these motions are denied.

2. As a preliminary matter, we note that the proper remedy if we were to reverse the denial of the JNOV, would be a directed verdict in favor of Evenflo and not the grant of a new trial.

*Kansas City Southern Ry. Co.,* 29 S.W.3d 813, 818 (Mo. banc 2000); *LaRose v. Washington University,* 154 S.W.3d 365, 369 (Mo.App. E.D.2004).

There are two separate requirements of causation which a plaintiff must prove in a failure to warn case: "(1) the product for which there was no warning must have caused plaintiff's injuries; and (2) 'the plaintiff must show that a warning would have altered the behavior of those involved in the accident.'" *Klugesherz v. American Honda Motor Co., Inc.,* 929 S.W.2d 811, 814 (Mo.App. E.D.1996)(*quoting Tune v. Synergy Gas Corp.,* 883 S.W.2d 10, 14 (Mo. banc 1994)).

There is no dispute that the car seat was the cause of DJ's injuries during the accident. In determining whether the warning would have altered Plaintiff's behavior, "Missouri, like several other states, aids plaintiffs in proving this second part of causation by presuming that a warning will be heeded." *Arnold v. Ingersoll–Rand Co.,* 834 S.W.2d 192, 194 (Mo. banc 1992). Plaintiff testified he had not heard any negative reports regarding the car seat's safety and he had read the labels that remained on the car seat. Plaintiff further stated that if there would have been a warning that the car seat was not intended for children weighing less than forty pounds he would have heeded the warning and not purchased the car seat for DJ. This testimony came into evidence without an objection by Evenflo. Hence, Plaintiff presented a submissible case for failure to warn.

Evenflo further claims Plaintiff failed to make a submissible case of negligence per se, and Plaintiff contends he did not submit his negligence per se claim to the jury. There are four requirements to establish a negligence per se claim: (1) a violation of a statute or ordinance; (2) the injured party must be within the class of persons intended to be protected by the statute or ordinance; (3) the injury is of the type that the statute or ordinance was designed to protect; and (4) the violation of the statute or ordinance is the proximate cause of the injury. *Lowdermilk v. Vescovo Building and Realty Co., Inc.,* 91 S.W.3d 617, 628 (Mo.App. E.D.2002). "When a case based on negligence per se is submitted to the jury, the standard of care is omitted because the statutory violation itself constitutes a breach of the standard of care." *Burns v. Frontier II Properties Ltd. Partnership,* 106 S.W.3d 1, 4 (Mo.App. E.D.2003). In other words, "[a]lthough there are no MAI instructions for negligence per se . . ., when negligence per se is the basis of liability . . ., the MAI instruction for that action is still applicable; only the element of negligence, or breach of the standard of care, is removed." *Id.*

Upon review of the verdict directors submitted to the jury, we find there was no negligence per se instruction offered to the jury. Each of the verdict directing instructions contained language based upon Evenflo's knowledge or the standard of ordinary care. There was no negligence per se claim submitted to the jury. Ergo, Plaintiff could not fail to make a submissible case of negligence per se when negligence per se was not submitted to the jury. Points one and two are denied.

In its final point on appeal, Evenflo claims the trial court erred in not entering judgment for $4.5 million. Evenflo believes the jury's original verdict unambiguously expressed its intent to award $4.5 million in compensatory damages and $4 million in punitive damages. Evenflo states that Missouri law requires the excess award of $4 million to be disregarded.

■ When a case is reversed and remanded, the higher court's ruling becomes the law of the case. *Hiblovic v. Cinco–T.C., Inc.,* 168 S.W.3d 506, 509 (Mo.App. E.D.2005).

> The general rule is that the decision of an appellate court is the law of the case on all points presented and decided and remains the law of the case throughout all subsequent proceedings, both in the trial and appellate courts, and no question involved and decided in the first appeal of the cause will be considered on a second appeal, and on a retrial should not be considered by the trial court.

*Id.* (quoting *In re Marriage of Bullard,* 18 S.W.3d 134, 138 (Mo.App. E.D.2000)).

In the instant case, this Court reversed the trial court's grant of a new trial to Evenflo. In our decision, we stated: "The manner in which the trial court ascertained the jury's intent with respect to the first verdict was proper .…" *Evenflo I,* 147 S.W.3d at 791. Since we found the trial court's determination of the jury's intent to be without error in *Evenflo I,* its ascertainment of the jury's intent cannot now be error. Point denied.

The judgment of the trial court is affirmed.

GARY M. GAERTNER, SR., P.J., and KENNETH M. ROMINES, J., concur.